# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**July 10, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

FORD CONSUMER FINANCE      )
COMPANY, INC.,             )
                           )
    Plaintiff/Appellee,    )
                           )      Davidson Chancery
VS.                        )      No. 95-2830-I
                           )
AMBROSE W.J. CLAY,         )      Appeal No.
                           )      01A01-9610-CH-00481
    Defendant/Appellant.   )

APPEAL FROM THE CHANCERY COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

For Plaintiff/Appellee:

No Appearance

For Defendant/Appellant:

Ambrose W.J. Clay
Pro Se

# VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This is an appeal involves a maker's liability on a promissory note. The Chancery Court for Davidson County, following a bench trial, awarded the holder of the note a $27,523.47 judgment. The maker of the note appealed to this court and then filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. The maker of the note has now informed this court that the debt arising from the judgment on the note has been discharged, relieving him from further personal liability on the note. Because the judgment on the note is now void by force of federal law, we vacate the judgment below and remand this case with directions that it be dismissed.

## I.

In 1987 Ambrose W. J. Clay executed a promissory note for $19,381.51 with Ford Consumer Finance Co. Inc.'s ("Ford") predecessor, Associates Financial Services, Inc. The note was secured by a deed of trust on a piece of real property owned by Mr. Clay. After Mr. Clay defaulted on the note, Ford sued Mr. Clay in the Chancery Court for Davidson County seeking a judgment against him for the unpaid balance of the note plus interest, costs, and attorneys fees as provided in the note. Mr. Clay resisted the collection action by asserting that Ford was required to realize on its collateral before proceeding against him personally for the debt.

Both parties moved for summary judgment. The trial court determined that Ford was not required to proceed against the collateral before proceeding against Mr. Clay for a personal money judgment. On the merits, the trial court found Mr. Clay in default and awarded Ford a judgment for the unpaid balance of $23,933.45, plus reasonable attorneys fees of $3,590.02 for a total judgment of $27,523.47. Thereafter, on April 8, 1996, Mr. Clay appealed.

On November 12, 1996, Mr. Clay filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee. As part of that filing he sought discharge of any personal liability on the Ford note. Ford filed

no action in the bankruptcy court contesting the dischargeability of its debt, and on October 17, 1997, the United States Bankruptcy Court granted Mr. Clay a Chapter 7 discharge covering the Ford debt.

## II.

The courts ordinarily decline to provide judicial relief in cases that do not involve a genuine and existing controversy requiring the adjudication of present rights. *See State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). Thus, cases must remain justiciable throughout the entire course of the litigation, and the concept of mootness involves circumstances that render a case no longer justiciable. *See McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). A moot case has lost its character as a present, live controversy, *see McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945), and a case will be considered moot if it no longer serves as a means to provide some sort of relief to the prevailing party. *See McIntyre v. Traughber*, 884 S.W.2d at 137; *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

It is well-settled that a discharge in bankruptcy operates to void a debtor's personal liability for any judgment obtained prior to the debtor's bankruptcy filing. *See* 11 U.S.C.A. § 524(a)(1) (West 1993); *In re Walls*, 125 B.R. 908, 909 (Bankr. D. Del. 1991); *In re Freels*, 79 B.R. 358, 361 (Bankr. E.D. Tenn. 1987); *Conklin v. Iowa Dist. Court*, 482 N.W.2d 444, 447 (Iowa 1992). 11 U.S.C.A. § 524(a)(2) further provides that a Chapter 7 discharge operates to enjoin any act by a creditor to enforce a pre-petition discharged debt as a personal liability of the debtor. Thus, by operation of federal law, Ford may no longer pursue Mr. Clay personally for his debt under the promissory note, and Ford's judgment in the trial court may nevermore be employed to reach Mr. Clay personally by garnishment, execution, or otherwise.

Since Ford's judgment has been abrogated by Mr. Clay's discharge in bankruptcy, Mr. Clay no longer needs relief in this court from the judgment below. Any additional relief this court could give would be tantamount to carrying coals to Newcastle. This case no longer serves as a means to provide relief to Mr. Clay. The ordinary practice when a case becomes moot on appeal is to vacate the judgment in

the trial court and remand the case with directions that it be dismissed. *See McIntyre v. Traughber*, 884 S.W.2d at 138. Consequently, we vacate the judgment below and remand this case for dismissal of Ford's complaint. We tax the costs of this appeal to Ambrose W. J. Clay, no surety of record appearing.

-4-

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE

-4-