# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 14, 2000

## WILLIAM TERRY WYATT v. TENNESSEE BOARD OF PAROLES

**Appeal from the Circuit Court for Davidson County**
**No. 98C-3469     Carol Soloman, Judge**

---

**No. M1999-00472-COA-R3-CV - Filed November 26, 2002**

---

This appeal involves a dispute between a state prisoner and the Tennessee Board of Paroles over the Board's decision not to parole him in 1998.  The Circuit Court for Davidson County dismissed the prisoner's petition for common-law writ of certiorari, and the prisoner perfected this appeal.  While his appeal was pending, the prisoner was released from the Department of Correction after serving the two sentences for which he had been incarcerated.  Accordingly, we have determined that this appeal is now moot because the prisoner has been released from custody. Therefore, we vacate the trial court's order and remand the case with directions to dismiss the prisoner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

William Terry Wyatt, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Pamela S. Lorch, Assistant Attorney General, for the appellee, Tennessee Board of Paroles.

### MEMORANDUM OPINION[1]

### I.

In March 1994, William Terry Wyatt abducted his former wife and caused her serious bodily injury by firing several gunshots at her feet, by hitting her in the chest and back with a gun, and by

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

hitting her in the face until she was rendered unconscious.[2] A grand jury in Cumberland County indicted him for attempted first-degree murder, especially aggravated kidnaping, aggravated rape, and theft. In February 1995, Mr. Wyatt pled guilty to attempted second-degree murder and kidnaping and was sentenced to concurrent terms of eight and four years on those charges. When these proceedings were commenced, he was serving those sentences in the Southeastern Tennessee State Regional Correctional Facility in Pikeville.

In September 1998, the Tennessee Board of Paroles declined to parole Mr. Wyatt because doing so would depreciate the seriousness of his offenses and would also promote disrespect for the law. Mr. Wyatt received notice of the Board's decision on October 15, 1998, and filed a petition for common-law writ of certiorari in the Circuit Court for Davidson County on December 8, 1998. The Board moved to dismiss Mr. Wyatt's petition because it was untimely and because it failed to state a claim upon which relief could be granted. The trial court granted the Board's motion to dismiss, and Mr. Wyatt has appealed.

The Board has now filed a motion to dismiss this appeal as moot, as allowed under Tenn. R. App. P. 22. As grounds for its motion it has attached an affidavit from the sentence manager in the Department of Correction indicating that on Christmas Day 2000, Mr. Wyatt was discharged from prison as having completed his two concurrent sentences.

## II.

The sole purpose of Mr. Wyatt's lawsuit and this appeal has been to obtain judicial review of the parole board's decision denying him parole. The Board of Paroles has now supplied this court with sworn information that Mr. Wyatt has been discharged from prison "at the completion of his sentences." We take note of his current status as a post-judgment fact, as we may under Tenn. R. App. P. 14. The Board of Paroles asks us to dismiss this appeal as moot.

The requirements for litigation to continue are essentially the same as the requirements for litigation to begin. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, M1998-00985-COA-R3-CV, 2001 WL 72342, at *5 (Tenn. Ct. App. Jan. 30, 2001) (No Tenn. R. App. P. 11 application filed). Thus, cases must remain justiciable throughout the entire course of the litigation, including the appeal. *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62-63 (Tenn. Ct. App. 1997). A moot case is one that has lost its justiciability because it no longer presents a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Thus, a case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998); *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

---

[2] *Wyatt v. State*, No. 03C01-9802-CC-00057, 1999 WL 71967, at *3 (Tenn. Crim. App. Feb. 16, 1999), *aff'd*, 24 S.W.3d 319 (Tenn. 2000).

Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed). Thus, unless the case fits within one of the recognized exceptions to the mootness doctrine,[3] the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d at 138.

The import of Mr. Wyatt's appeal is that he wants to be reconsidered for parole: he wants his 1998 denial of parole set aside. Mr. Wyatt having been discharged from prison renders any dispute over parole meaningless. He no longer needs parole; he is out. This appeal no longer can serve as the means to grant any meaningful relief to Mr. Wyatt concerning parole. Consequently, we find that the issues this case presents have become moot, and, that being so, we grant the parole board's motion to dismiss.

### III.

Consistent with our finding that this case has become moot on appeal, we vacate the trial court's decision and remand this matter with directions that Mr. Wyatt's petition be dismissed on mootness grounds. We tax the costs of this appeal to William Terry Wyatt for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[3]The courts have recognized several exceptions to the mootness doctrine. Exercising their discretion, *McIntyre v. Traughber*, 884 S.W.2d at 137; *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977), they have declined to dismiss cases when the issue involves important public interests, when the issue is important to the administration of justice, and when an issue is capable of repetition but will evade judicial review. *State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779, 782 (Tenn. 1980); *New Rivieria Arts Theatre v. State*, 219 Tenn. 652, 658, 412 S.W.2d 890, 893 (1967); *LaRouche v. Crowell*, 709 S.W.2d 585, 587-88 (Tenn. Ct. App. 1985).