IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2000

## DERRICK D. JACKSON v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Williamson County
No. 27139     Jeffrey S. Bivins, Chancellor

No. M2000-02065-COA-R3-CV - Filed April 17, 2002

This appeal involves a dispute between a prisoner and the Department of Correction over the prisoner's loss of sentence credits as punishment for a disciplinary offense. Failing to obtain redress from the Department, the prisoner filed a petition in the Chancery Court for Williamson County alleging that he was being held unlawfully because his sentence had expired. The trial court dismissed the petition, and the prisoner appealed. We have determined that this appeal is now moot because the prisoner has been released from custody. Therefore, we vacate the trial court's order and remand the case with directions to dismiss the prisoner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Derrick Jackson, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellees, Tennessee Department of Correction, Ricky Bell, Zoyle A. Jones, Billy Smith, and Richard Merchant.

### MEMORANDUM OPINION[1]

#### I.

Derrick Jackson was convicted of robbery on August 9, 1993, and was sentenced to serve six years in the custody of the Department of Correction. One week later, he plead guilty to automobile

---

[1]Tenn. Ct. App. R. 10(b) provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

burglary and received a three-year sentence for that conviction to be served consecutively to his conviction for robbery. He was incarcerated at the Northeast Correctional Center. Between 1993 and 1998, Mr. Jackson earned 140 days of behavior credits and 170 days of program credits on his robbery sentence and 6 behavior credits and 3 program credits on his automobile burglary sentence.

Mr. Jackson was placed on administrative segregation on May 18, 1998. After receiving several disciplinary "write ups" while on segregation, he was found guilty of a Class A disciplinary offense.[2] The prison disciplinary committee recommended that Mr. Jackson should forfeit six months of sentence reduction credits and that he should be transferred to another institution. After the warden and the Commissioner of Correction approved the committee's recommendation, Mr. Jackson was transferred to the Riverbend Maximum Security Institution.

On January 8, 2000, Mr. Jackson was notified that the Department had deducted all nine days of the sentence credits for his automobile burglary sentence and 171 days of sentence credits for his robbery sentence. As a result of this change, Mr. Jackson's sentence expiration date was changed from October 1, 2000 to March 30, 2001. Mr. Jackson attempted to file a grievance regarding this punishment but was unsuccessful because the grievance procedures cannot be used to review changes in a prisoner's sentence credits.

On June 16, 2000, Mr. Jackson filed a petition in the Chancery Court for Williamson County alleging that he had served his first sentence before the prison disciplinary committee's action and that deducting sentence reduction credits from an expired sentence violated the Department's policies and amounted to an unlawful restraint. The trial court dismissed Mr. Jackson's petition on August 7, 2000. While this appeal has been pending, Mr. Jackson was released from the custody of the Department of Correction on March 30, 2001.[3]

Mr. Jackson's release from prison renders this appeal moot because it no longer presents a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). It no longer provides a means to grant Mr. Jackson the relief he seeks because he has already been released from prison. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998); *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed). Thus,

---

[2]The record does not shed light on the nature of Mr. Jackson's offense.

[3]Neither the Department nor Mr. Jackson brought his release to this court's attention. However, after confirming Mr. Jackson's release with the Department, we take notice of Mr. Jackson's release as a post-judgment fact in accordance with Tenn. R. App. P. 14.

unless the case fits within one of the recognized exceptions to the mootness doctrine,[4] the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d at 138.

In accordance with our finding that this appeal became moot as a result of Mr. Jackson's release from custody, we vacate the August 7, 2000 order and remand the case with directions that Mr. Jackson's petition be dismissed on the grounds of mootness. We tax the costs of this appeal to Derrick Jackson for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[4]The courts have recognized several exceptions to the mootness doctrine. Exercising their discretion, *McIntyre v. Traughber*, 884 S.W.2d at 137; *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977), they have declined to dismiss cases when the issue involves important public interests, when the issue is important to the administration of justice, and when an issue is capable of repetition but will evade judicial review. *State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779, 782 (Tenn. 1980); *New Rivieria Arts Theatre v. State*, 219 Tenn. 652, 658, 412 S.W.2d 890, 893 (1967); *LaRouche v. Crowell*, 709 S.W.2d 585, 587-88 (Tenn. Ct. App. 1985).