IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## DWIGHT JAMES v. STATE OF TENNESSEE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 02-1143-III      Ellen Hobbs Lyle, Chancellor**

_____

**No. M2002-01557-COA-R3-CV - Filed September 16, 2003**

_____

This appeal involves Dwight James' unsuccessful attempt to qualify as a candidate for Hickman County Road Superintendent and be placed on the August, 2002, election ballot. The trial court granted the Tennessee Highway Officials Certification Board's summary judgment motion, finding that the Board had not acted arbitrarily, capriciously or illegally in not certifying Mr. James as qualified to run for the office of County Road Superintendent. We have determined that the appeal is moot.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which, WILLIAM C. KOCH, JR. and, WILLIAM B. CAIN, JJ., joined.

Kenneth K. Crites, Centerville, Tennessee, for the appellant, Dwight James.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Janet M. Kleinfelter, Senior Counsel, for the appellees, State of Tennessee, Department of State, Division of Election; Tennessee Highway Officials Certification Board and Brook Thompson.

**OPINION**

Dwight James, a resident of Hickman County, sought to be qualified as a candidate for the office of Road Superintendent for Hickman County in the August, 2002 General election, pursuant to the provisions of Tenn. Code Ann. § 54-7-104(b)(1)(A). That statute provides as follows:

> . . . in each county of the state, in order to qualify for the office of the chief administrative officer of the county or metropolitan government departments which build and maintain the roads of the county, a person shall be a graduate of an accredited school of engineering, with at least two (2) years' experience in highway construction or maintenance or be licensed to practice engineering in Tennessee; or shall have had at least four (4) years' experience in a supervisory capacity in highway construction or maintenance; or a combination of education and experience equivalent to either of the above, as evidenced by affidavits filed with the Tennessee highway officials certification board. In no event shall the chief administrative officer have less than a high school education or a general equivalency diploma (GED).[1]

In 1997, the Tennessee General Assembly created the Tennessee Highway Officials Certification Board ("THOCB" or "Board") and gave that Board the sole authority to determine if candidates were qualified for both elected and appointed positions as chief administrative officer of the county or metropolitan government departments which build and maintain the roads of the county. Tenn. Code Ann. § 54-7-104(a). Prior to the creation of the THOCB, the Coordinator of Elections for the State of Tennessee had been given the authority to determine the qualifications of such candidates. One of the first decisions made by the THOCB upon its formation in January, 1998, was that all candidates, regardless of whether they were incumbents and/or had previously been certified as qualified by the State Coordinator of Elections, would have to be certified as qualified by the THOCB, and thus, would have to provide the THOCB with the necessary evidence that they met the minimum statutory qualifications. However, once a candidate was certificated as qualified by the THOCB, he or she would not need to be recertified by the THOCB in a later election.

Tenn. Code Ann. § 54-7-104(a)(2) provides that candidates for this office in counties where the position is filled by popular election "shall file affidavits and such other evidence as the board shall require with the board not later than fourteen (14) days prior to the qualifying deadline for candidates in the election." The THOCB is then required to review the candidates' qualifications and the standards required for each county and certify to the coordinator of elections whether a

---

[1]In 1974, the legislature enacted the Tennessee County Uniform Highway Law in order to improve the rural road system throughout the state. *State, by Lockett v. Knott*, 631 S.W.2d 124,125 (Tenn. 1982). The Act provided for additional money for rural road work as well a requirement of better management of the program by upgrading the qualifications for the county road engineer position.

candidate's qualifications are acceptable prior to the candidate's name being placed on the ballot. Without this certification from the THOCB, a candidate cannot qualify to have his or her name placed on the ballot.

On January 16, 2002, Mr. James filed an affidavit verifying that he had graduated from Hickman County High School and that he had in excess of four (4) years experience in the construction of subdivision roads. This affidavit also stated that Mr. James had "already certified and ran unsuccessfully twice for this position."

On January 17, 2002, the THOCB (through the State Election Coordinator) informed Mr. James in a letter that due to certain deficiencies in his affidavit, the THOCB was unable to determine whether he had met the minimum statutory qualifications. Specifically, the THOCB noted the following deficiencies:

> Your affidavit must set out in specific terms that you have four years' experience in a supervisory capacity in highway construction and maintenance. Please remember that the term "supervisory" means having direct oversight or management authority over another person. More specifically, it requires that a person have the responsibility to oversee and direct the work being performed and the authority to determine whether it was performed according to applicable standards.

> Your affidavit must set out the dates and projects which provide that you meet the experience requirement. Please be specific in the dates of the operations completed, your role in the operation, the number of people you supervised, and the type of work done. The commission must be able to identify four specific years in which you meet the experience requirements.

Included with the January 17th letter from the THOCB was an outline of the rules used by the THOCB in determining eligibility for certification. This outline provided that "[h]ighway construction entails the construction of roads and/or bridges according to federal, state or local specifications or have been accepted and/or taken over by a local government" and that highway maintenance "would include the repair and general upkeep of the roads such as resurfacing the road, as well as the general upkeep of the shoulder, guardrails or bridges," but not the replacement of road signs or clearing of overgrowth or debris from the road or shoulder.

On January 21, 2002, Mr. James resubmitted his affidavit. In it, he verified that in 1974, he had spent six months supervising one to five people building the roads in a subdivision being developed in Centerville, Tennessee, that were subsequently approved by that municipality. He further verified that from 1984 until the middle of 1989 he supervised one to four people building roads according to "company standards" in a recreational development in Hickman County. The affidavit did not indicate whether these roads had ever been accepted or taken over by a local government.

On January 25, 2002, the THOCB met to consider requests for certification from number of candidates, including Mr. James. After reviewing Mr. James's original affidavit and supplemental affidavit, the THOCB decided that it still could not determine if he met the minimum statutory requirements. Accordingly, the THOCB sent Mr. James a letter on January 28, 2002, informing him that it needed more information to determine if he met the statutory requirements. Specifically, the letter stated that:

> [s]ince your experience lies in the building of subdivision roads, the board needs detailed information about the types of roads built, whether they were approved by a city or county government, who has maintained the roads since their construction, etc. "Roads built to company standards" do not provide any basis for qualification to the board.

On February 13, 2002, Mr. James submitted a third affidavit in which he stated that the subdivision roads built in the recreational development had not been approved by any governmental body, but instead were for the property owners and their guests, with restricted access. He did state that company standards were adhered to in the building of these roads and that the roads were accepted by company representatives.

The THOCB met again on February 14, 2002, to consider additional requests for certification from candidates. At that time, based upon the information provided by Mr. James in his three affidavits, the THOCB determined that his experience in building subdivision roads did not meet the minimum statutory requirements of four years' experience in a supervisory capacity in highway construction or maintenance. As such, the THOCB voted unanimously to deny Mr. James's request for certification. On February 19, 2002, the THOCB sent Mr. James a letter informing him of its denial of certification.

Almost two months later, on April 16, 2002, Mr. James filed a complaint in Davidson County Chancery seeking a temporary and permanent injunction against the THOCB and Brook Thompson, in his capacity as the State Election Coordinator, ordering the THOCB to certify him as a qualified candidate for Road Superintendent by the May 16, 2002 qualifying deadline and place him on the ballot for the August 2002 General Election in Hickman County. The complaint alleged that the THOCB had arbitrarily and capriciously denied him certification as a qualified candidate. With the Board filing no response, the trial court granted Mr. James's request for a temporary injunction on April 26, 2002.

On May 14, 2002, the Board filed a motion to dismiss and to dissolve the temporary injunction. Supporting affidavits were filed by both sides and the trial court treated the motion as one for summary judgment pursuant to Rule 12.03, Tenn. R. Civ. P. The trial court found that because Mr. James was challenging the quasi-judicial determination of the THOCB, it would treat the petition as one for common law writ of certiorari with the scope of review limited to the record and a determination of whether the THOCB's decision was arbitrary, capricious or in violation of

4

law. Following a hearing on the motion, the trial court granted the State's motion for summary judgment and dissolved the temporary injunction on June 18, 2002.

On June 28, 2002, Mr. James filed both his Notice of Appeal and a motion requesting an expedited appeal and an injunction placing him on the August, 2002, election ballot as a candidate for the office of Road Superintendent for Hickman County. On July 2, 2002, this court directed the trial court clerk to prepare and file with this court the record on or before July 5, 2002, and that judgment on expediting consideration of the appeal be reserved pending receipt of the record.

On July 5, 2002, we denied Mr. James's request for an expedited appeal and injunctive relief. We based our ruling on the fact that Mr. James had waited until April 16, 2002, to file his suit in the trial court, even though the Board had denied his certification almost two months earlier on February 19, 2002; the deadline for printing the ballots was July 2, 2002; and early voting was to begin July 12, 2002. We explained that:

> This court will not grant extraordinary relief if the party requesting such relief has failed to take whatever action was reasonably available to prevent or nullify the harmful effect of the alleged error. Tenn. R. App. P. 36(a). Based upon the record, we decline to expedite this appeal because the appellant's failure to file his action in a timely manner has undermined our ability to grant effective relief.

Counsel for Mr. James filed two separate motions for extensions of time in which to file his brief. As a result, appellant's brief was not filed with this court until October 3, 2002, well past the August, 2002, election.

On appeal, the Board argues that Mr. James's appeal has been rendered moot by virtue of the election having occurred.[2] We agree that the fact that the election is long since over renders this appeal moot because it no longer presents a present, live controversy. *McCanless v. Klein,* 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter,* 936 S.W.2d 923, 931 (Tenn. Ct. App.1996); *McIntyre v. Traughber,* 884 S.W.2d 134, 137 (Tenn. Ct. App.1994). It no longer provides a means to grant Mr. James the relief he seeks. *Knott v. Stewart County,* 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay,* 984 S.W.2d 615, 616 (Tenn. Ct. App.1998); *Massengill v. Massengill,* 36 Tenn. App. 385, 38889, 255 S.W.2d 1018, 1019 (1952). Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n,* 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.,* No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov.17, 1999) (No Tenn. R. App. P. 11 application filed). Thus,

---

[2]The Board correctly points out that the election has presumably been certified pursuant to Tenn. Code Ann. § 2-8-101 and been final for quite some time. Moreover, the time for contesting the election to have it declared void is long since past pursuant to Tenn. Code Ann. § 2-17-105. Finally, the Board notes that Mr. James has made no allegations in his complaint and there is no proof in the record of any vacancy in the office of Hickman County Road Superintendent, and therefore, there is no basis for a special election.

unless the case fits within one of the recognized exceptions to the mootness doctrine,[3] the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay,* 984 S.W.2d at 617; *McIntyre v. Traughber,* 884 S.W.2d at 138. Here, we find no reason to except this matter from application of the mootness doctrine.

## CONCLUSION

In accordance with our finding that this appeal became moot as a result of the August, 2002, election being long since past, we vacate the June 18, 2002 order of the trial court and remand the case with directions that Mr. James's petition be dismissed on the grounds of mootness. We tax the costs of this appeal to Dwight James for which execution, if necessary, may issue.

_____
_____PATRICIA J. COTTRELL, JUDGE

---

[3]Courts have recognized several exceptions to the mootness doctrine. Exercising their discretion, *McIntyre v. Traughber,* 884 S.W.2d at 137, *Dockery v. Dockery,* 559 S.W.2d 952, 954 (Tenn. Ct. App.1977), they have declined to dismiss cases when the issue involves important public interests, when the issue is important to the administration of justice, and when an issue is capable of repetition but will evade judicial review. *State ex rel. Anglin v. Mitchell,* 596 S.W.2d 779, 782 (Tenn.1980); *New Rivieria Arts Theatre v. State,* 219 Tenn. 652, 658, 412 S.W.2d 890, 893 (1967); *LaRouche v. Crowell,* 709 S.W.2d 585, 587-88 (Tenn. Ct. App.1985).