# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 7, 2000

## ROBERT PIRTLE v. TENNESSEE BOARD OF PAROLES, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 96-1629-II     Carol L. McCoy, Chancellor**

---

### No. M1998-00454-COA-R3-CV - Filed March 4, 2003

---

This appeal involves a dispute between a prisoner and the Tennessee Board of Paroles regarding the revocation of his parole. After exhausting his administrative remedies, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County asserting that he did not commit the crime that triggered the revocation of his parole. The trial court eventually dismissed the petition on the ground that it was not timely filed, and the prisoner has appealed. While his appeal was pending, the prisoner was released from the Department of Correction. Accordingly, because this appeal is now moot, we vacate the trial court's order and remand the case with directions to dismiss the prisoner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Robert Pirtle, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and John R. Miles, Nashville, Tennessee, for the appellees, Tennessee Board of Paroles, Charles Traughber, John A. Greer, Darlene Millson, Dawn Chase, and Tom Biggs.

### MEMORANDUM OPINION[1]

In February 1992, the Tennessee Board of Paroles paroled Robert Pirtle who was serving sentences for receiving stolen property and felony escape. One of the conditions of Mr. Pirtle's parole was that he would not commit criminal acts while on parole supervision. In late 1995, Mr.

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pirtle was arrested and charged with aggravated assault because of a fight with a female acquaintance. Thereafter, on January 12, 1996, the Board revoked his parole and he was returned to the custody of the Department of Correction. Mr. Pirtle sought an administrative appeal of the Board's decision on April 10, 1996, and the Board of Paroles denied Mr. Pirtle's request for an administrative appeal on May 3, 1996.

Mr. Pirtle filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County, seeking judicial review of the Board's decision to deny his parole. He asserted that he had not committed the aggravated assault that triggered the Board's action. The trial court ordered the Board to provide Mr. Pirtle a new hearing, and then permitted Mr. Pirtle to amend his petition to include a challenge to the new hearing. Ultimately, after over two years of procedural wrangling, the trial court decided to dismiss Mr. Pirtle's petition on timeliness grounds. The court stated:

> The [original] parole revocation order was entered on January 12, 1996. [Mr. Pirtle] filed his administrative appeal of this order on April 10, 1996.
>
> A prisoner's failure to file an administrative appeal within 21 days of his notice of the disposition of his parole revocation hearing will not toll the 60-day filing period [for seeking certiorari]. *See* Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(c); *West v. Tennessee Board of Paroles*, No. 01A01-9604-CH-00362 (Tenn. Ct. App., January 8, 1997). The record is silent as to the date [Mr. Pirtle] received the written notice of his parole revocation. However, [Mr. Pirtle] bears the burden of proving the timeliness of his appeal. Because [Mr. Pirtle] failed to establish that the administrative appeal, filed almost three (3) months after the parole hearing, was within 21 days of receipt of his notice of the revocation, [Mr. Pirtle] must establish that he filed this certiorari action within 60 days of the parole revocation. *See Blevins v. Board of Paroles*, No. 01A01-9502-CH-00050 (Tenn. Ct. App., May 12, 1995). This petition was filed on May 28, 1996, well past the 60-day filing period to challenge the January 12, 1996 revocation of [Mr. Pirtle's] parole. Accordingly, this Court does not have jurisdiction to review [Mr. Pirtle's] parole revocation nor did it have jurisdiction to order a new parole revocation hearing. In view of this ruling, the additional issues raised in [the State's] Motion to Dismiss are pretermitted.

Mr. Pirtle appealed the dismissal of his petition to this court.

## II.

Mr. Pirtle asserts on this appeal that the Board wrongfully revoked his parole in January 1996 because he did not commit the aggravated assault that triggered the revocation. He claims, in his words, that he "is unlawfully in custody and there is no evidence to support the Board's actions."

In the course of preparing this opinion, this court learned that Mr. Pirtle was released from prison in April 2001, having served enough time to satisfy the two sentences he was serving following the revocation of his parole. We take notice of Mr. Pirtle's release from the Department of Correction as a post-judgment fact pursuant to Tenn. R. App. P. 14. Obviously, Mr. Pirtle's release calls the justiciability of this case into question.

The requirements for litigation to continue are essentially the same as the requirements for litigation to begin. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, M1998-00985-COA-R3-CV, 2001 WL 72342, at *5 (Tenn. Ct. App. Jan. 30, 2001) (No Tenn. R. App. P. 11 application filed). Thus, cases must remain justiciable throughout the entire course of the litigation, including the appeal. *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62-63 (Tenn. Ct. App. 1997). A case is not justiciable if it does not involve a genuine, existing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Co.*, 18 S.W.3d 186, 193 (Tenn. 2000); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998).

A moot case is one that has lost its justiciability because it no longer presents a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Thus, a case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 616; *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed). Thus, unless the case fits within one of the recognized exceptions to the mootness doctrine,[2] the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d at 138.

Mr. Pirtle has now completed serving his sentences and is no longer in need of a new hearing before the Board. Thus, any controversy over the correctness of the Parole Board's action six-and-a-half years ago has become moot. Mr. Pirtle has the relief this lawsuit requested – his freedom – leaving this tortured litigation merely a husk that can provide him nothing. With the issues in this case moot, this appeal has lost its justiciability.

---

[2]The courts have recognized several exceptions to the mootness doctrine. Exercising their discretion, *McIntyre v. Traughber*, 884 S.W.2d at 137; *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977), they have declined to dismiss cases when the issue involves important public interests, when the issue is important to the administration of justice, and when an issue is capable of repetition but will evade judicial review. *State ex rel Anglin v. Mitchell*, 596 S.W.2d 779, 782 (Tenn. 1980). None of these exceptions apply in this case.

## III.

Consistent with our finding that this case has become moot on appeal, we vacate the trial court's decision and remand this matter with directions that Mr. Pirtle's petition be dismissed on mootness grounds. We tax the costs of this appeal to Robert Pirtle for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE