# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 30, 2014 Session

## IN RE: DOROTHY ELIZABETH SPRINKLE MCSPADDEN

**Appeal from the Chancery Court for Knox County**
**No. M-10-178134      John Weaver, Chancellor**

---

**No. E2013-02024-COA-R3-CV-FILED-FEBRUARY 12, 2015**

---

Lloyde Susanne McSpadden Marcum ("Daughter") appealed the judgment of the Chancery Court for Knox County ("the Trial Court") appointing Katie Loftin and Emily McSpadden ("Granddaughters") as co-conservators of Dorothy Elizabeth Sprinkle McSpadden ("Mother"). Mother died during the pendency of this appeal. We find and hold that Mother's death rendered this appeal moot. We, therefore, dismiss the appeal, decline to address whether the appeal is frivolous, and decline to award either party attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed As Moot**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Donald K. Vowell, Knoxville, Tennessee, for the appellant, Lloyde Susanne McSpadden Marcum.

Robin M. McNabb, William A. Reeves, and Robert W. Weismueller, Jr., Knoxville, Tennessee, for the appellees, Katie Loftin and Emily McSpadden, Co-conservators of Dorothy Elizabeth Sprinkle McSpadden, Deceased.

## MEMORANDUM OPINION[1]

In June of 2010 Daughter filed a petition seeking the appointment of a conservator for Mother and requesting that Daughter be appointed as the conservator. Mother answered the petition admitting that she was in need of a conservator, but denying that Daughter was a proper person to appoint as conservator. Daughter conceded that she was not a proper person to be appointed as conservator of Mother's estate, but asserted that she should be appointed as the conservator of Mother's person. Mother requested that Granddaughters be appointed as her conservators.

The case was tried without a jury, and after trial the Trial Court entered its extremely detailed sixty-two page Memorandum Opinion on March 28, 2013, but stated that it would not enter its order pending resolution of a motion made by Daughter. The Trial Court entered its order on June 4, 2013 incorporating its Memorandum Opinion and, *inter alia*, appointing Granddaughters as the co-conservators of Mother's person and estate and certifying the judgment as final pursuant to Tenn. R. Civ. P. 54.02.

Daughter appealed the Trial Court's judgment. The record on appeal contains no transcript and no statement of the evidence. The case was argued before this Court on October 30, 2014. In December of 2014 Daughter filed a notice of Mother's death with this Court but asserted that Mother's death did not render the appeal moot. Granddaughters responded to the notice of death asserting that Mother's death did render the appeal moot. By order entered on December 19, 2014 this Court ordered briefing on the sole issue of whether Mother's death rendered this appeal moot, and both sides filed briefs on this issue.

The dispositive issue before us is whether Mother's death rendered this appeal moot. As this Court has explained:

> A case must remain justiciable through the entire course of litigation, including any appeal. *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62-63 (Tenn. Ct. App. 1997). A case is not justiciable if it does not involve a genuine, existing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998).

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 616. Determining whether a case is moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed).

*Alliance for Native American Indian Rights in Tennessee, Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005).

We find and hold that Mother's death rendered this appeal moot. Mother is no longer in need of a conservator except to wind up the conservatorship. Daughter conceded in the Trial Court that she was not a proper party to be named as the conservator of Mother's estate. As such, Daughter is not a proper party to wind up the conservatorship. As Mother is no longer in need of a conservator of her person, and Daughter has conceded that she is not a proper party to be named as conservator of Mother's estate, there remains no present ongoing controversy in this case. As such, this appeal is dismissed as moot.

As we are not addressing the merits of Daughter's appeal, we decline to address the issue raised by Granddaughters regarding whether Daughter's appeal is frivolous. In the exercise of our discretion, we further decline to award attorney's fees on appeal to either party.

This appeal is dismissed as moot, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed one-half against the appellant, Lloyde Susanne McSpadden Marcum and her surety; and one-half against the appellees, Katie Loftin and Emily McSpadden, Co-conservators of Dorothy Elizabeth Sprinkle McSpadden, Deceased.

_____
D. MICHAEL SWINEY, JUDGE