IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2021 Session

## MIRACLE TENNEY EX REL. DESIRAE B. v. DANIEL PAUL BULLINGTON

**Appeal from the Chancery Court for Williamson County**
**No. 19CV-48110W          Joseph A. Woodruff, Chancellor**

_____

### No. M2020-01432-COA-R3-CV

_____

The father of a fourteen-year-old daughter appeals the propriety of two separate orders of protection issued upon the mother's petition for the protection of their daughter. Because both orders of protection have expired, we dismiss the father's challenges to the propriety of the orders of protection on the basis of mootness and decline the father's claim to recover his attorney's fees. Notwithstanding the dismissal of the father's issues, the mother seeks to recover the attorney's fees and costs she incurred in defending the father's appeal. The Tennessee Supreme Court's recent decision in *New v. Dumitrache*, 604 S.W.3d 1 (Tenn. 2020), makes it clear that the legislative mandate in Tenn. Code Ann. § 36-3-617(a)(1) extends to the reasonable attorney's fees and costs incurred on appeal by victims of domestic abuse, even if the respondent's challenge to the order of protection is no longer justiciable. Accordingly, we hold that the mother is entitled to an award of the reasonable attorney's fees and costs she incurred in defending this appeal and remand this case for the trial court to make the appropriate award.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which W. NEAL MCBRAYER, and KRISTI M. DAVIS, JJ., joined.

Adam A. Zanetis, Franklin, Tennessee, for the appellant, Daniel Paul Bullington.

Crystal M. Etue, Franklin, Tennessee, for the appellee, Miracle Tenney.

### OPINION

Miracle Tenney ("Mother") and Daniel Paul Bullington ("Father") are divorced. Pursuant to the parties' 2019 divorce decree, Mother and Father shared custody of their two minor children, including fourteen-year-old Desirae.

On August 28, 2020, while in Father's care, Desirae experienced an emotional episode. During the episode, Father applied corporal punishment on Desirae's buttocks with the use of his hand and his belt. Thereafter, on September 10, 2020, Mother filed a petition for order of protection against Father on behalf of Desirae. On the same day, the trial court granted Mother's ex parte request for a temporary order of protection on behalf of Desirae. After an evidentiary hearing on September 17, 2020, in which Father participated, the trial court granted Mother's petition for order of protection against Father on behalf of Desirae. The one-year order of protection required, *inter alia*, that Father have no contact with Desirae outside of therapy and that Father pay all court costs and fees related to the case. Father appealed.

Significantly, the only remaining order of protection expired on September 17, 2021, prior to the parties presenting their oral arguments to this court on October 8, 2021.

## ISSUES

Father raises three issues on appeal, summarized as follows:

1. Did the trial court err in granting the temporary order of protection?

2. Did the trial court err in granting the order of protection for one full year?

3. Is Father entitled to his reasonable attorney's fees under Tenn. Code Ann. § 36-3-617?

Mother insists that Father's first two issues should be dismissed as moot and that he is not entitled to recover any of his attorney's fees. She also contends that she is entitled to her reasonable attorney's fees under Tenn. Code Ann. § 36-3-617.

## STANDARD OF REVIEW

"Determining whether a case is moot is a question of law." *Harriet Tubman Dev./CHA v. Locklin*, 386 S.W.3d 239, 242 (Tenn. Ct. App. 2012) (quoting *All. for Native Am. Indian Rts. in Tennessee, Inc. v. Nicely*, 182 S.W.3d 333, 338–39 (Tenn. Ct. App. 2005)). We review all questions of law de novo with no presumption of correctness. *See Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. *See id.*; Tenn. R. App. P. 13(d).

ANALYSIS

### I. FATHER'S CHALLENGE TO THE EXPIRED ORDERS OF PROTECTION

On appeal, Father challenges the trial court's grant of both the ex parte temporary order of protection and the one-year order of protection. The temporary order of protection expired on September 17, 2020, contemporaneous with the issuance of the one-year order of protection. The one-year order of protection expired on September 17, 2021. Thus, neither order of protection remains in effect.

"A case must remain justiciable through the entire course of litigation, including any appeal." *All. for Native Am. Indian Rts.*, 182 S.W.3d at 338 (citations omitted). A case is no longer justiciable if it does not concern a "genuine, continuing controversy requiring the adjudication of presently existing rights." *Id.* (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998)). Furthermore, this court routinely dismisses appeals as moot when the disputed order of protection expires before the appeal is considered. *See, e.g.*, *Anders v. Anders*, No. W2017-00071-COA-R3-CV, 2018 WL 2174127, at *2 (Tenn. Ct. App. 2018); *Winningham v. Strotter*, No. 03A01-9112-CV-00423, 1992 WL 94717, at *1 (Tenn. Ct. App. May 8, 1992).

Because both orders of protection Father challenges on appeal have expired, Father's first two issues are no longer justiciable. Therefore, these two issues are dismissed on the basis of mootness.[1]

### II. FATHER'S CLAIM FOR ATTORNEY'S FEES

Father contends he is entitled to recover, pursuant to Tenn. Code Ann. § 36-3-617(a)(2), the attorney's fees he incurred in the trial court proceedings, as well as the fees he incurred in pursuing this appeal. We respectfully disagree.

Father's contention on this issue, as his argument is set forth in his brief, reads in pertinent part:

---

[1] In his Tenn. R. App. P. 27(c) Reply Brief, Father contends this appeal is justiciable under the "public interest exception" to the mootness doctrine. Specifically, Father argues that this court's consideration of what constitutes reasonable corporal punishment is of public importance. However, Father failed to raise this issue in his principal brief, the Brief of the Appellant, as required under Tenn. R. App. P. 27(a) ("The brief of the appellant shall contain . . . (4) A statement of the issues presented for review[.]"). Instead, Father erroneously attempted to raise the issue for the first time in his Reply Brief. *See* Tenn. R. App. P. 27(c). Thus, we decline to consider application of the public interest exception on appeal. Nevertheless, had Father properly raised the public interest exception to the mootness doctrine, we would have concluded that this case fails to meets the requirements for invoking the public interest exception.

Father would assert that he is entitled to his costs and expenses incurred, which include his reasonable attorney fees and court costs. In order of protection cases, if the trial court extends or issues an[] order of protection, the respondent is responsible for all fees, costs, and attorney fees. Mother did not retain counsel in this matter, but Father was required to pay all costs and fees pursuant to statute. If the court does not extend or issue an order of protection, a respondent may recover fees, costs, and attorney fees from the petitioner. Tenn. Code Ann. § 36-3-617(a)(2) *et seq*. However, there must also be a finding, by clear and convincing evidence, that the petitioner was not, ". . . a domestic abuse victim, stalking victim or sexual assault victim." Further there must be a finding that, "The petitioner knew that the allegation of domestic abuse, stalking, or sexual assault was false at the time the petition was filed." If this Court finds that the order of protection should be overturned on appeal, Father will meet the criteria of the order of protection being denied. Necessarily, this would also meet the statutory criteria that the minor child was not a domestic abuse victim.

(Citations omitted).

As Father acknowledges in his argument, "[i]f this Court finds that the order of protection should be overturned on appeal, Father will meet the criteria of the order of protection being denied." Because this court has not found that the order of protection should be overturned, Father is not entitled to recover the attorney's fees he incurred in the trial court or in this unsuccessful challenge to the propriety of the issuance of the two orders of protection.

The foregoing notwithstanding, we acknowledge Father's argument, which was first raised in his Reply Brief, that his claim for attorney's fees is not moot. We respectfully disagree again. While this court has explained that "the expiration of the order of protection 'does not moot a controversy over attorney's fees already incurred,'" it has clarified that "a *claim* for attorney's fees [does] not resuscitate an otherwise moot case." *Honeycutt ex rel. Alexander H. v. Honeycutt*, No. M2015-00645-COA-R3-CV, 2016 WL 3662166, at \*1 (Tenn. Ct. App. June 30, 2016) (emphasis added) (quoting *McIntyre v. Traughber*, 884 S.W.2d 134, 138 (Tenn. Ct. App. 1994)).

Unlike *Honeycutt*, where the appellant was ordered to pay the petitioner the attorney's fees she incurred in the trial court, *see id*. at \*2, Father was not ordered to pay any of Mother's attorney's fees because Mother was pro se.[2] Accordingly, Father is not

---

[2] "If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees **shall be** assessed against the respondent." Tenn. Code Ann. § 36-3-617(a)(1) (emphasis added). Accordingly, the assessment of attorney's fees is mandatory, if

seeking relief from an order requiring him to pay the attorney's fees Mother incurred in the trial court. To the contrary, he is seeking an award to recover his own attorney's fees. As such, Father does not fall within the narrow exception to mootness afforded by *Honeycutt*. *See id*. at *1 ("While a claim for attorney's fees would not resuscitate an otherwise moot case, the expiration of the order of protection 'does not moot a controversy over attorney's fees already incurred.'"). Accordingly, Father's *claim* for attorney's fees does not resuscitate his otherwise moot issues. *See id*.

For completeness, and in the event Father's claim for attorney's fees is not moot, we have concluded that Father is not entitled to an award of attorney's fees in either the trial court or on appeal.

A respondent, like Father, who opposes the issuance of an order of protection is only entitled to recover attorney's fees in limited circumstances. Tennessee Code Annotated § 36-3-617(a)(2) provides, in relevant part:

> (2) *If the court does not issue or extend an order of protection*, the court may assess all court costs, filing fees, litigation taxes and attorney fees against the petitioner if the court makes the following finding by clear and convincing evidence:
>
> > (A)    The petitioner is not a domestic abuse victim, stalking victim, sexual assault victim, or victim of a felony offense under title 39, chapter 13, part 1, 2, 3, or 5 and that such determination is not based on the fact that the petitioner requested that the petition be dismissed, failed to attend the hearing or incorrectly filled out the petition; and
> >
> > (B)    The petitioner knew that the allegation of domestic abuse, stalking, sexual assault or felony offense under title 39, chapter 13, part 1, 2, 3, or 5 was false at the time the petition was filed.

(Emphasis added).

Because the trial court issued the ex parte temporary order of protection as well as the one-year order of protection, the statute provides no relief for Father. Accordingly, Father is not entitled to recover any of the costs or attorney's fees he incurred in the trial court. Similarly, because Father's issues challenging the orders of protection have been

---

attorney's fees were incurred by the successful petitioner; however, a court may not assess attorney's fees when no attorney's fees were incurred.

dismissed on the basis of mootness, he is not entitled to recover attorney's fees incurred in this appeal.

### III.    MOTHER'S ATTORNEY'S FEES ON APPEAL

Mother contends she is entitled to an award of reasonable costs and attorney's fees incurred in defending against this appeal pursuant to Tenn. Code Ann. § 36-3-617(a)(1).[3] We agree.

The trial court granted Mother's ex parte petition for a temporary order and, following a full evidentiary hearing, extended the order of protection for a period of one year. Based on these facts, and assuming that we would not reverse the trial court's decisions to grant the orders of protection, Mother contends that her costs and attorney's fees must be taxed against Father. We agree.

Tennessee Code Annotated § 36-3-617(a)(1) provides, in pertinent part:

> Notwithstanding any other law to the contrary, no domestic abuse victim . . . shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the . . . appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order . . . . If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

As a general rule, a claim for attorney's fees on appeal is insufficient to render a case justiciable if it is otherwise moot. *See McIntyre*, 884 S.W.2d at 138. In this case, however, we are mindful of the strong legislative intent behind the enactment of Tenn. Code Ann. § 36-3-617(a)(1) to provide victims of domestic abuse with "enhanced protection from domestic abuse." *Stewart v. Stewart*, No. E2000-01873-COA-R3-CV, 2001 WL 274097, at *3 (Tenn. Ct. App. Mar. 20, 2001) (quoting Tenn. Code Ann. § 36-3-618). Furthermore, we are guided by our Supreme Court's recent determination that to deny a victim of domestic abuse an award of attorney's fees for defending against the respondent's pleadings on appeal "would frustrate legislative intent." *See New*, 604 S.W.3d at 22–23.

The ex-husband in *New* filed an untimely appeal to challenge a one-year order of protection issued by the general sessions court that prohibited the plaintiff from having contact with his ex-wife and minor child. *Id*. at 4–5. Because he failed to appeal the order within ten days as required by law, the chancery court determined that it lacked subject

---

[3] Mother was not represented by counsel in any of the trial court proceedings. Accordingly, she did not incur attorney's fees in the trial court.

matter jurisdiction and dismissed the case. *Id*. at 10. Notwithstanding the lack of subject matter jurisdiction, the chancery court awarded the ex-wife the attorney's fees she incurred in defending the appeal. *Id*. at 13.

On appeal, and after affirming the chancery court's dismissal of the ex-husband's untimely appeal for lack of subject matter jurisdiction, our Supreme Court considered whether the chancery court lacked authority to award attorney's fees. *Id*. at 20–23. The most pertinent parts of the Court's rulings read as follows:

> As the United States Supreme Court has explained, requests for attorney's fees are "collateral" and have "a distinct and independent character from the underlying suit." Courts should view a request for attorney's fees as an "'independent proceeding supplemental to the original proceeding and not a request for modification of the original decree.'" So, while it is true that a court lacking subject matter jurisdiction has no authority to issue orders on the merits of the case, the court retains authority to adjudicate and grant a request for attorney's fees incurred in determining that it lacks jurisdiction.
>
> . . . Here, the chancery court ruled that statutes entitle Mother to an award of attorney's fees. We agree with the chancery court that Tennessee Code Annotated §§ 36-3-617 and -618 entitle Mother to an award of attorney's fees in this case. Tennessee Code Annotated section 36-3-618 declares:
>
>> The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers. Thus, the general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim, and the official response shall communicate the attitude that violent behavior is not excused or tolerated.
>
> In summary, the "legislative intent is to: (1) provide enhanced protection to domestic abuse victims; (2) promote uniform law enforcement intervention whether the crime is domestic or committed by strangers; and (3) communicate a position of intolerance to domestic abuse perpetrators." One means the General Assembly chose to ensure that victims of domestic abuse receive "enhanced protection" is to enact a statute that broadly declares that domestic abuse victims should not be required to bear the financial burdens

of legal action made necessary by a domestic abuse perpetrator. Tennessee Code Annotated section 36-3-617 provides, in pertinent part, as follows:

> Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

This Court has not previously addressed the scope of this statute, but we agree with the Court of Appeals that section 36-3-617 clearly authorizes awarding attorney's fees and costs incurred in obtaining an order of protection or the extension of an order of protection, or in defending an appeal involving the issuance or extension of an order of protection.

.    .    .

We agree with the chancery court that in the circumstances of this case section 36-3-617(a)(1) authorizes awarding Mother attorney's fees incurred defending against Father's pleadings in their entirety . . . . To deny Mother an award of all her attorney's fees for defending against Father's pleading would frustrate legislative intent. By enacting sections 36-3-617 and -618, the General Assembly made clear that victims of domestic violence are not to be burdened with the costs of obtaining or defending orders of protection necessary to ensure their protection. As already noted, this Court's prime directive when interpreting statutes is to effectuate legislative intent and reasonably construe statutes in a manner that is consistent with the language used and that provides for a harmonious operation of the laws. "We [must] presume that the legislature did not intend an absurdity." We would frustrate legislative intent and construct an inharmonious, illogical, and absurd reading of section 36-3-617(a)(1) by holding, as Father contends, that a party against whom an order of protection has been entered may avoid responsibility for attorney's fees by failing to appeal timely . . . . We find it illogical and inconsistent with the declared legislative intent to interpret the statute in a manner that would impose on Mother the legal costs of Father's litigation choices[.]

*Id*. at 21–22 (footnotes omitted) (citations omitted).

Tennessee Code Annotated § 36-3-617(a)(1) clearly mandates that no domestic abuse victim shall be required to bear the costs associated with the successful filing, issuance, appeal, or enforcement of an order of protection. Moreover, our Supreme Court decision in *New* makes it clear that this legislative mandate extends to the reasonable attorney's fees and costs incurred on appeal by such victims, even if the respondent's challenge to the order of protection is no longer justiciable. Therefore, we hold that Mother is entitled to recover her reasonable attorney's fees and costs incurred in defending against this appeal. Accordingly, we remand for the trial court to make the appropriate award.

## IN CONCLUSION

The issues raised by Father are dismissed as moot, and this matter is remanded to the trial court for other proceedings consistent with this opinion. Costs of appeal are assessed against Daniel Paul Bullington.

_____
FRANK G. CLEMENT JR., P.J., M.S.