State, *ex rel., v.* Waggoner.

---

## STATE, *ex rel., v.* WAGGONER.

### (*Nashville.* December 19, 1889.)

1. SUPREME COURT PRACTICE. *Question reserved below not passed upon, when.*

   Question reserved by Chancellor, being merely an additional ground urged for the decree rendered, will not be passed upon by this Court upon the appeal of the successful party, who obtained full relief below, and assigns no other error upon the decree. The question becomes, in such case, a mere abstraction.

2. MUNICIPAL CORPORATIONS. *Repeal of charter.*

   Municipal corporations are not embraced within the provisions of the Code for dissolution of corporations by proceedings in nature of *quo warranto.* Their charters are subject to repeal, at any time, by direct act of the Legislature.

   Code construed: §4146 *et seq.* (M. & V.); § 3409 *et seq.* (T. & S.).

3. DICTUM. *As to sale of liquors within incorporated town under four-mile law.*

   Defense that sale of liquors within four miles of a school-house was made "within the limits of an incorporated town" may be defeated by showing either that the charter of the town was void, or that the corporation had not organized or kept in operation under its charter.

   (See Acts 1887, Ch. 167; Acts 1877, Ch. 23; Acts 1885, Ch. 123; Burk *v.* State, 5 Lea, 349.)

---

### FROM HUMPHREYS.

---

Appeal from Chancery Court of Humphreys County. GEO. E. SEAY, Ch.

State, *ex rel.*, *v.* Waggoner.

McAdoo & Shannon and D. B. Johnson for Complainants.

T. L. Lanier and S. W. Hawkins for Respondents.

Snodgrass, J. The bill alleges that the persons who are named as defendants thereto, are assuming to be the Mayor and Aldermen of Johnsonville, and are unlawfully holding and exercising these offices, and seeks to prevent such usurpation. It sets forth various reasons why their election was illegal and invalid, which need not be recited or commented upon here, for the reason that the Chancellor decreed against defendants, and held the election under which they claimed title to their offices void, upon all the grounds alleged in the bill except one, and he reserved that question, and defendants did not appeal. The question reserved arose upon an allegation that there were twenty-eight non-resident conveyees of a small lot of land in Johnsonville, made such a few days before the election to constitute them voters, and that twenty-five of them voted for defendants. From this decree, as before stated, defendants did not appeal.

The *relators* for complainant excepted to the decree on this point, because the election was not for this reason also adjudged void, and were allowed to appeal.

Waiving for the present the question whether

the exception and appeal could have been lawfully taken by any one but the Attorney-general for the State (as he alone can bring the suit, although authorized to do so and having in this case done so, at the instance of relators), it is sufficient to say that complainant, having obtained a decree declaring the election void upon certain grounds, and defendants acquiescing, has obtained all the relief to which it was entitled in the result, and cannot—the result being obtained below—pursue the controversy further for the settlement of abstract questions no longer involved. This, however, the counsel of relators recognize, but they claim that, inasmuch as a future election may be held, and these persons may vote therein, they are entitled to have the question settled. This is an incorrect view of the law. This Court cannot settle abstract questions, however important or however simple they may be, upon the supposition that they may hereafter arise. They may never do so. No other election may be held, or, if it is, none of these conveyees may vote or offer to do so. But should that result be a certainty instead of a possibility, for the reasons stated we are not authorized to adjudge that merely abstract question; and, finally, if we could adjudge it, it would not affect the right of these conveyees not before the Court. As a precedent of course it could not be relied on unless the questions were really involved.

Two other questions were made in the bill, and

these the Chancellor adjudged against the State, to which there was the same exception and appeal. They were that Johnsonville was not legally incorporated, and, if so, it had lost its franchise by abuse and non-use. It is not necessary to recite the reasons which the Chancellor gave for this. There were several which he did not give that were conclusive: (1) Neither the corporation of Johnsonville as such was made defendant, nor the inhabitants thereof; (2) the Court neither had nor could have had any jurisdiction to annul its incorporation, because the statute under which this action is brought (§ 4146 *et seq.*, of the Code) relates alone to private and business corporations, and not to municipalities.

The State had no need to provide for proceedings against them for dissolution, and did not do so. It can repeal at pleasure the charter of any municipal corporation, and the Legislature is the judge of such necessity of repeal when it arises.

It was not the purpose of the Legislature to make these arms of the State Government objects of litigation for existence with itself, when it had the undoubted power to terminate their existence by an Act whenever it saw fit to do so. A careful reading of the chapter containing the sections referred to shows this clearly.

The relief provided for against " any persons acting as a corporation within· this State without being authorized by law" is that it "be dissolved,

and also that the corporation, its *directors* or *managers*, as the case may be, pay the costs." § 4162.

These terms, totally inapplicable to a municipal corporation, cover and include private and *quasi* public corporations, for which alone they were intended.

It does not result from this that there is no remedy for the alleged private grievance as to the unlawful sale of liquor in Johnsonville. It has been held that the corporation in which such sale is protected, is an active, vital organization, and if in fact a corporation exists, but is not sustained and kept in organized, good faith operation, such sale within four miles of an incorporated institution of learning is unlawful. If, therefore, such sale is made there or elsewhere, and the State assumes it to be unlawful, and institutes a prosecution against the party making it, two questions are open in such case on this point: (1) Was the original incorporation void? (2) If valid, is an active organization and operation in good faith, and for corporate purposes, maintained?

If the charter is absolutely void, of course it can be so treated in any collateral attack. If not void, but there is no organization and operation under it in good faith, this can be shown in proof.

It is sufficient to say here that no decree respecting it can be rendered in this cause. The State has all the relief it is authorized to seek

in this proceeding, and defendants have not appealed so as to bring the question of the validity of the charter collaterally in issue with others, which would have on such appeal been directly involved.

The decree must be affirmed with cost.