Knott *v.* Stewart County *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed January 16, 1948.

624

R. H. RHODES, oi Paris, for appellant.

STOUT & PORTER, of Clarksville and S. C. LEWIS, JR., of Dover, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The purpose of the bill filed in this cause was to have declared invalid Chapter 85 of the Private Acts of 1945, which Act is applicable to Stewart County.

The ground of the attack is that the Act empowered the county judge or chairman of the county court of Stewart County to appoint a general road supervisor at the regular term of the quarterly county court on Monday, July 1, 1946, and each year thereafter at the July term of said court. By the provisions of the Act the county judge or chairman was to appoint said general road supervisor and the quarterly court was to confirm the appointment. It is contended by complainant that the Act violates Article 11, section 17, of the Constitution of Tennessee, which provides:

"No county office created by the Legislature shall be filled otherwise than by the people or the County Court."

By an amendment to the bill it is stated:

"Complainant charges that he is adversely affected by said Act in that he is prohibited from becoming a candidate for Road Supervisor of Stewart County. That under the provisions of said Act no one can become a candidate for said office before the Quarterly County Court. That the County Judge makes said appointment and the Court approves his appointment and can elect no one not appointed by the County Judge for said office."

The defendants filed a demurrer to the bill setting out six grounds. The chancellor sustained the sixth ground of the demurrer to the effect that the complainant had no such interest in the Act as entitled him to maintain this suit. We think the chancellor was correct in sustaining the demurrer.

A suit cannot be maintained by a taxpayer simply because he is a taxpayer. He must show that the effect of the Act would increase his burden of taxation, or would divert funds from the purpose for which it was intended by law. *Sherrill* v. *Thomason,* 145 Tenn. 499, 238 S. W. 876; *Caldwell* v. *Lyon,* 168 Tenn. 607, 80 S. W. (2d) 80, 100 A. L. R. 1152; *Kentucky-Tennessee Light & Power Co.* v. *Dunlap,* 181 Tenn. 105, 178 S. W. (2d) 636.

Complainant's solicitor makes the following insistence in his brief:

"If complainant was desirous of becoming a candidate for Road Supervisor before the County Court and as he was cut off by said Act from becoming a candidate, he was adversely affected by the Act in question, and has a right to test its constitutionality."

It must be borne in mind that the amendment to complainant's bill, as above set out, did not state that he was

a candidate. The argument of complainant's solicitor, that if he should become a candidate his rights would be adversely affected, does not disclose that complainant was a candidate for the office of road supervisor and had been rejected by the county judge.

■ The defense relied on by defendants is that appellate courts will not examine and pass on abstract or moot questions, disconnected with the granting of actual relief, or from the determination of which no practical relief can follow. 3 C. J. 358  4 C. J. S., Appeal and Error, sec. 40; 3 Am. Jur., Appeal and Error, sec. 824.

As to the last proposition, it appears that on January 9, 1947, the Legislature passed an Act, Priv. Acts 1947, ch. 1, to amend Chapter 85 of the Private Acts of 1945, which is the Act now in question, providing that the road supervisor of Stewart County should be elected by the quarterly court at the regular July term of each year.

■ In *State ex rel.* v. *Waggoner*, 88 Tenn. 290, 292, 12 S. W. 721, it was said:

"This court cannot settle abstract questions, however important, or however simple they may be, upon the supposition that they may hereafter arise. They may never do so."

■ It results, therefore, that we are of opinion that complainant had no ground to maintain a suit in this cause, as the question is now moot.

The decree of the chancellor is affirmed.

All concur.