# MASSENGILL et al. v. MASSENGILL.*—255 S. W. (2d) 1018.

Eastern Section. November 19, 1952.

Rehearing denied January 11, 1953.

Petition for Certiorari denied by Supreme Court, March 6, 1953.

---

*The Court also refused to consider an appeal in the companion case of Mrs. Pauline M. DeFriece et al. v. Frank W. DeFriece, Jr., et al., for the same reasons.

Gore & Gore, of Bristol, for appellant.

HOWARD, J. The petition for writ of error in this cause presents the novel and unique question of asking this Court to review a decree of the Chancery Court of Sullivan County in which the petitioner herein, Elizabeth Ann Massengill, admits that the decree was in her favor and that she was not aggrieved thereby. No assignments

of error are made. Petitioner's brief filed in support of the petition for the writ contains the following statement:

"We respectfully submit to your Honors that there was no error in the Chancery decree of August 11, 1947, in the Chancery Court at Bristol, Tennessee, interpreting the Ina J. Massengill Trust Agreement as creating multiple trusts rather than one trust; that the weight of Federal authority is in favor of interpreting this Trust Agreement as creating multiple trusts and not one trust, and that it is necessary at this time, under the Federal law, to procure an Appellate determination of the interpretation of this Trust Agreement in aid of the administration of this Trust, and in order that the rights of the beneficiaries thereunder shall not be prejudiced, and we respectfully request your Honors to interpret this Trust in the light of all surrounding circumstances."

It seems to be the rule generally that a litigant cannot appeal or prosecute a writ of error from a decree or judgment in his favor, since he is not aggrieved thereby. 4 C. J. S., Appeal and Error, Sec. 183, p. 359; 2 Am. Jur., Sec. 152, pp. 943, 944. And an appeal from a declaratory judgment will be dismissed where there is nothing in it prejudicial to the claimed rights of the appellant. 16 Am. Jur., Sec. 76, p. 341; 87 A. L. R. 1250.

In C. J. S., supra, it says:

"Although there are some exceptions to the rule, the general rule is that a plaintiff or defendant cannot appeal or prosecute a writ of error from or to a judgment, order, or decree in his own favor, since he is not aggrieved thereby. Ordinarily a defendant is not aggrieved where no judgment is rendered against him; a defendant cannot appeal from a judgment or decree sustaining a demurrer to or dismissing the bill, complaint, or petition, and a defendant is not aggrieved by a voluntary dismissal or nonsuit. This rule has been so applied as to prevent an appeal merely for the purpose of having a decree in appellant's favor affirmed, * * *." (Citing numerous cases in footnotes.)

In 2 Am. Jur., supra, the rule is stated as follows:

"In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by the judgment or decree. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant." (Citing numerous cases in footnotes.)

■■ A decree that is final as to all issues and as to all the parties thereto is in every respect a final one, and where every issue presented by the record has been settled by the decree and nothing remains for future decision as to any of the parties, the decree is indeed a finality; and in the absence of an actual controversy between the parties, it is not within the province of the appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief,

however important and however simple they may be. Stonega Coke, etc., Co. v. Southern Steel Co., 123 Tenn. 428, 131 S. W. 988, 31 L. R. A., N. S., 278; State v. Waggoner, 88 Tenn. 290, 12 S. W. 721; 4 C. J. S., Appeal and Error, Section 40, pp. 117, 118.

In State v. Waggoner, supra, the Chancellor reserved the question on the legality of certain votes cast for the defendants, but decided the case on other grounds against them. The successful party appealed, and in the Supreme Court urged the question reserved as an additional ground for the decree rendered. In refusing to consider this question, the Court said:

"* * * it is sufficient to say that complainant, having obtained a decree declaring the election void upon certain grounds, and defendants acquiescing, has obtained all the relief to which it was entitled in the result, and cannot (the result being obtained below) pursue the controversy further for the settlement of abstract questions, no longer involved. This conclusion, the counsel of relators recognize, but they claim that inasmuch as a future election may be held, and these persons may vote therein, they are entitled to have the question settled. This is an incorrect view of the case. This court cannot settle abstract questions, however important, or however simple they may be upon the supposition that they may hereafter arise. They may never do so. No other election may be held, or, if it is, none of these conveyees may vote, or offer to do so. But should that result be a certainty, instead of a probability, for the reasons stated we are not authorized to adjudge that merely abstract question; and, finally, if we could adjudge it, it would not affect the right of these conveyees, not before the court. As a precedent, of

course, it could not be relied on, unless the questions were really involved.''

■ Finally, a decision of this Court would not affect the rights of third parties not before the Court.

It results that the petition for writ of error will be denied at petitioner's costs.

McAmis and Hale, JJ., concur.

## On Petition to Rehear

HOWARD, J. Petitioner has filed a petition to rehear in which it is alleged "that it is necessary for the Trustees to secure an appellate construction of the Trust Instrument here involved in order to properly administer the Trust placed in their care for the benefit of all the beneficiaries of said Trust.''

■ Apparently the petitioner has overlooked the fact that the Chancery Court of Sullivan County, a court of record in this State, assumed jurisdiction of the cause and, as admitted by petitioner, decided the issues involved therein satisfactorily to her, and a decree of that court is as final and as binding on the parties and issues involved as would be a decision of this court.

■ Only a party dissatisfied with the judgment or decree of the Circuit or Chancery Court may appeal to the Supreme or Appeals Court and have a re-examination, in that court, of the whole matter of law and fact appearing in the record. Code Section 9036. See Knott v. Stewart County, 185 Tenn. 623, 207 S. W. (2d) 337, for a restatement of the rule in State v. Waggoner, 88 Tenn. 290, 12 S. W. 721, cited in our original opinion.

Petition denied.

McAmis and Hale, JJ., concur.