IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 18, 1999

**CALVIN EASLEY v. JAMES BRITT**

**Appeal from the Chancery Court for Davidson County**
**No. 97-2368-II     Carol L. McCoy, Chancellor**

_____

**No. M1998-00971-COA-R3-CV - Filed October 16, 2001**

_____

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction stemming from a disciplinary proceeding. After he was reclassified to a higher security status and transferred to another institution, the prisoner filed a petition for writ of common-law certiorari in the Chancery Court for Davidson County claiming that the disciplinary board and the warden had acted arbitrarily and capriciously by finding him guilty of the disciplinary offense of escape. The trial court dismissed the petition, and the prisoner perfected an appeal to this court. While this appeal was pending, the prisoner was released from prison thereby rendering this appeal moot. Accordingly, we vacate the June 12, 1998 order and remand the case to the trial court with directions to dismiss it on the grounds of mootness.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Calvin Easley, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Sohnia W. Hong, Assistant Attorney General, for the appellee James Britt.

**OPINION**

**I.**

Calvin Easley was convicted of robbery and sentenced to the custody of the Tennessee Department of Correction for twenty years. On April 2, 1997, he was incarcerated at the Nashville Community Service Center ("NCSC") and was participating in the work release program. He left the facility at the appointed time that day; however, he failed to return at the appointed time. Mr. Easley returned to the facility approximately nine hours late.

The Department charged Mr. Easley with the disciplinary offense of escape. A disciplinary board convened at the NCSC conducted a hearing and on April 10, 1997, found Mr. Easley guilty of the disciplinary offense of escape. Based on the board's recommendations, the warden of the NCSC removed Mr. Easley from the work release program. The Department also reclassified Mr. Easley from minimum security to medium security status. Because the NCSC was a minimum security facility, the Department also transferred Mr. Easley to the South Central Correctional Facility in Clifton.

Mr. Easley exhausted his administrative appeals regarding the discipline he received, and on July 15, 1997, he filed a pro se petition for writ of common-law certiorari in the Chancery Court for Davidson County, alleging that the disciplinary board had acted arbitrarily and capriciously when it found him guilty of escape. On June 12, 1998, the trial court dismissed Mr. Easley's petition after finding that the record contained material evidence supporting the disciplinary board's decision that Mr. Easley was guilty of the disciplinary offense of escape. Mr. Easley appealed to this court.

After both parties filed their briefs, the clerk of the court received a change of address notice from Mr. Easley indicating that he was living at an address in Nashville that did not correspond with the address of any of the Department's facilities. Because neither Mr. Easley nor the Attorney General had provided this court with information regarding Mr. Easley's current status, this court ascertained that Mr. Easley had actually been released from prison on September 21, 1999, having served his sentence. We take notice of the change in Mr. Easley's status as a post-judgment fact in accordance with Tenn. R. App. P. 14.

## II.

When Mr. Easley filed this appeal, his purpose was to convince this court that we should vacate the trial court's dismissal of his petition for common-law writ of certiorari and that we should send the case back to the trial court to determine whether the disciplinary board had acted arbitrarily and capriciously. The ultimate relief he sought was to clear his disciplinary record so that he could return to his minimum security classification and could be placed back in the work release program at the NCSC for the remainder of his sentence. Mr. Easley's release calls the justiciability of this case into question.

The courts, being careful stewards of their power, have developed various justiciability principles to serve as guidelines for determining whether providing judicial relief in a particular case is warranted. To be justiciable, a case must involve presently existing rights, live issues that are within a court's power to resolve, and parties who have a legally cognizable interest in the resolution of these issues. A case is not justiciable if it does not involve a genuine, existing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Co.*, 18 S.W.3d 186, 193 (Tenn. 2000); *State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998).

The requirements for litigation to continue are essentially the same as the requirements for litigation to begin. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities*

*Comm'n*, M1998-00985-COA-R3-CV, 2001 WL 72342, at *5 (Tenn. Ct. App. Jan. 30, 2001) (No Tenn. R. App. P. 11 application filed). Thus, cases must remain justiciable throughout the entire course of the litigation, including the appeal. *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62-63 (Tenn. Ct. App. 1997). A moot case is one that has lost its justiciability because it no longer presents a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Thus, a case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 616; *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed). Thus, unless the case fits within one of the recognized exceptions to the mootness doctrine,[1] the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d at 138.

The relief that Mr. Easley seeks – reclassification to minimum security status – can no longer have any practical effect on his present rights and privileges now that he is back in free society. There is no relief that the courts can grant Mr. Easley if he were to prevail in this case. Accordingly, we find that the issues Mr. Easley raises on this appeal are moot.

## III.

In accordance with our finding that this appeal became moot as a result of Mr. Easley's release from custody, we vacate the June 12, 1998 order and remand the case with directions that Mr. Easley's petition be dismissed on the grounds of mootness. We tax the costs of this appeal to Calvin Easley for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1]The courts have recognized several exceptions to the mootness doctrine. Exercising their discretion, *McIntyre v. Traughber*, 884 S.W.2d at 137; *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977), they have declined to dismiss cases when the issue involves important public interests, when the issue is important to the administration of justice, and when an issue is capable of repetition but will evade judicial review. *State ex rel Anglin v. Mitchell*, 596 S.W.2d 779, 782 (Tenn. 1980); *New Riviera Arts Theatre v. State*, 219 Tenn. 652, 658, 412 S.W.2d 890, 893 (1967); *LaRouche v. Crowell*, 709 S.W.2d 585, 587-88 (Tenn. Ct. App. 1985).