# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 9, 2004 Session

## SHEILA FRAZIER, ET AL. v. LEWIS COUNTY BEER BOARD

### Appeal from the Chancery Court for Lewis County
No. 4560     Donald P. Harris, Judge

---

### No. M2003-01496-COA-R3-CV - Filed September 17, 2004

---

This appeal involves a dispute between the owners of a convenience store and the Lewis County Beer Board over a permit to sell beer. After the Beer Board denied their application because their store was within two thousand feet of a church, the owners filed a petition for review in the Chancery Court for Lewis County asserting that the Beer Board was selectively enforcing its distance rule. The owners appealed after the trial court granted the Beer Board's motion to dismiss. We have determined that this appeal is now moot because the persons applying for the permit sold the store while this appeal was pending.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

J. Todd Faulkner and K. Cody Allison, Nashville, Tennessee, for the appellants, Sheila Frazier and Dwight Frazier.

Wm. Landis Turner, Hohenwald, Tennessee, for the appellee, The Lewis County Beer Board.

### MEMORANDUM OPINION[1]

In November 2002, Sheila and Dwight Frazier applied to the Lewis County Beer Board ("Beer Board") for a permit to sell beer at their convenience store in Hohenwald, Tennessee. The Beer Board, invoking a county ordinance prohibiting the sale of alcoholic beverages within two

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

thousand feet of a school, church, or other place of public gathering, denied their application because their store was within two thousand feet of a church. On January 31, 2003, the Fraziers filed a petition to review the Beer Board's decision in the Chancery Court for Lewis County.[2] While conceding that their store was within two thousand feet of a church, the Fraziers asserted that the Beer Board was selectively enforcing the distance rule because it had issued permits to other applicants whose businesses did not comply with the rule. The Beer Board denied selectively enforcing the rule, and, in May 2003, the trial court dismissed the Fraziers' petition. The Fraziers appealed to this court; however, prior to oral argument, they sold the convenience store and no longer have any interest in it.

The Fraziers' sale of their store renders this appeal moot because it no longer presents any justiciable issues for review. To be justiciable, a case must involve presently existing rights, live issues that are within a court's power to resolve, and parties who have a legally recognizable interest in the resolution of these issues. A case is not justiciable if it does not involve a genuine, existing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Co.*, 18 S.W.3d 186, 193 (Tenn. 2000); *State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998).

The requirements for litigation to continue are essentially the same as the requirements for litigation to begin. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, M1998-00985-COA-R3-CV, 2001 WL 72342, at *5 (Tenn. Ct. App. Jan. 30, 2001) (No Tenn. R. App. P. 11 application filed). Thus, cases must remain justiciable throughout the entire course of the litigation, including the appeal. *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62-63 (Tenn. Ct. App. 1997). A moot case is one that has lost its justiciability because it no longer presents a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Thus, a case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 616; *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed). Thus, unless the case fits a recognized exception to the mootness doctrine, the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d at 138.

---

[2]The Fraziers erroneously named the Lewis County Board of Commissioners as defendant in their original petition. They later filed an amended petition naming the Lewis County Beer Board as defendant.

The facts of this case do not warrant invoking an exception to the mootness doctrine. Therefore, in accordance with our finding that this case is moot as a result of the Fraziers' sale of their convenience store, we vacate the judgment of the trial court and remand the case with directions that it be dismissed. We tax the costs of this appeal to Sheila and Dwight Frazier for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.