IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## WAYNE DAVIDSON v. QUENTON WHITE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 03C-3274     Marietta Shipley, Judge**

---

**No. M2004-01498-COA-R3-CV - Filed January 12, 2006**

---

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding his eligibility to be considered for parole. The prisoner filed a civil rights action in the Circuit Court for Davidson County against the Department and three of its employees seeking declaratory relief and damages because he had not been declared eligible to be considered for parole. The Department's employees moved to dismiss the complaint because the prisoner had failed to specify whether they were being sued in their personal or official capacities. The court dismissed the complaint after being informed that the prisoner had been considered for and had been denied parole. We have determined that the trial court properly dismissed the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Wayne Davidson, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Mark A. Hudson, Senior Counsel, for the appellees, Quenton White and Tim Terry.

**OPINION**

**I.**

Wayne Davidson was convicted of second degree burglary in May 1985. After the jury found him to be a habitual criminal, he was sentenced to life imprisonment.[1] After being paroled in December 1998, Mr. Davidson resided in Morgan County, Tennessee. However, in February 2001, his parole officer obtained a parole violation warrant because his ex-girlfriend had filed charges against him in the Morgan County General Sessions Court for harassment and stalking. Mr.

---

[1] *See Davidson v. Bell*, No. M2003-01128-CCA-R3-HC, 2004 WL 2159019, at *1 (Tenn. Crim. App. Sept. 27, 2004), *perm. app. denied* (Tenn. Feb. 28, 2005).

Davidson's parole was revoked in June 2001, and he was incarcerated at the Riverbend Maximum Security Prison in Nashville.

The Tennessee Board of Probation and Parole considered Mr. Davidson for parole in December 2001. It declined to parole him and set another hearing for June 2003. As the June 2003 hearing approached, Mr. Davidson was informed that the Department would not certify him as being eligible for parole consideration because the charges against him in the Morgan County General Sessions Court were still pending. In July 2003, Mr. Davidson sought a declaratory order from the Department regarding his eligibility for parole consideration. The Department declined his request in September 2003.[2]

On November 17, 2003, Mr. Davidson filed an action under 42 U.S.C. § 1983 in the Circuit Court for Davidson County seeking declaratory relief and damages. He named the Tennessee Department of Correction, the Commissioner of Correction, and a records clerk as defendants. In January 2004, the individual defendants moved to dismiss the claims against them because Mr. Davidson had failed to specify whether he was suing them in their official or individual capacity. Mr. Davidson's only response was to move to amend his complaint to add another employee as a defendant.

In February 2004, the trial court, acting on its own initiative, contacted the clerk of the Morgan County General Sessions Court to ascertain the status of the charges against Mr. Davidson. After being informed that the charges had been dismissed with prejudice, the court filed an order continuing the hearing on the motion to dismiss for sixty days to await further action by the Board. On April 28, 2004, the defendants filed a notice with the trial court stating that the Board had considered Mr. Davidson for parole on April 21, 2004 and that the Board had declined to parole him. Accordingly, the defendants requested the court to dismiss Mr. Davidson's complaint because it was now moot. The trial court dismissed the complaint on May 25, 2005, and Mr. Davidson has appealed.

## II.

We have determined that Mr. Davidson's claims against the Department's individual employees were properly dismissed because Mr. Davidson failed to state whether he was suing them for damages in their capacity as state officials or in their individual capacities. Plaintiffs seeking damages under 42 U.S.C. § 1983 must set forth clearly in their pleadings that they are suing state defendants for damages in their individual capacities and not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Because Mr. Davidson's complaint does not satisfy this requirement, the trial court properly dismissed his monetary claims against the individual employees of the Department.

---

[2]Mr. Davidson sought judicial review of the Department's decision. However, both the Circuit Court for Davidson County and this court determined that his petition was filed too late. *Davidson v. Traughber*, No. M2004-01636-COA-R3-CV, 2005 WL 3557776 (Tenn. Ct. App. Dec. 29, 2005) (pet. reh'g filed Jan. 5, 2006).

**III.**

Mr. Davidson's claims against the Department must also be dismissed for two reasons. First, he cannot recover monetary damages without proving that he was actually injured by some putatively illegal conduct by the defendants. He has alleged no such injury in this case because he has no constitutionally protected liberty interest in being paroled. Tenn. Code Ann. § 40-35-503(b) (2003); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995). Second, the record demonstrates that Mr. Davidson has already received the relief he was seeking, i.e., a parole hearing. A case becomes moot when it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998); *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952). Because the record reflects that Mr. Davidson has received the parole hearing he sought, there is no further relief for the courts to grant. Therefore, the case is now moot.

**IV.**

We affirm the dismissal of the complaint and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Wayne Davidson for which execution, if necessary, may issue. We also find that Mr. Davidson's appeal is frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., P.J., M.S.