IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief September 14, 2005

## ALFRED JOE HILL v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Direct Appeal from the Chancery Court for Lauderdale County**
**No. 12,648     Martha B. Brasfield, Chancellor**

_____

**No. W2005-00703-COA-R3-CV - Filed January 18, 2006**

_____

Inmate filed a petition for certiorari contesting his housing placement while incarcerated at WTSP. The trial court dismissed the petition under the doctrine of mootness in view of the fact that inmate, during the course of the proceedings below was incarcerated at another penal institute. The trial court further determined that the placement in housing was an administrative decision by the prison authorities and Petitioner's rights were not violated by their decision. We affirm the dismissal under the doctrine of mootness.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Alfred Joe Hill, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General and Mark A. Hudson, Senior Counsel, for the Tennessee Department of Correction.

**MEMORANDUM OPINION**[1]

Alfred J. Hill, acting *pro se*, petitioned the court for certiorari alleging that he was transferred to West Tennessee State Prison (WTSP) from Turney Center Industrial Prison (Turney) in May

_____

[1]**RULE 10.  MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1999. He was originally assigned to the minimum security Annex at WTSP where he remained until April of 2001. It is alleged that he was transferred to the main compound at WTSP on April 27, 2001. Mr. Hill alleges that he is a "trusty" custody level inmate and, pursuant to the policy of the Tennessee Department of Correction (TDOC), he is to be kept at the lowest security level. Mr. Hill alleges that failure to house him at the Annex is "atypical, discriminatory, arbitrary and illegal."

The petition was filed in the Chancery Court for Davidson County. The Respondents filed a motion to dismiss or, in the alternative, to transfer the case to a proper venue. The motion to transfer was granted and the matter was transferred to the Chancery Court of Lauderdale County.[2]

Mr. Hill filed a motion for a judgment on the pleadings, for directed verdict, or in the alternative for summary judgment. The TDOC filed a response to the motion for summary judgment and a cross motion for summary judgment.

By order of March 7, 2005, the trial court dismissed the petition. Mr. Hill has appealed to this Court contending that the trial court erred in dismissing the petition and in denying his motion to compel discovery.

The order of the trial court states that "[s]ince the Petitioner has been transferred from WTSP to another facility, the Petitioner's request for relief - i.e., to be transferred back to housing in the WTSP annex - has become moot."

The order further stated that the decision to transfer the Petitioner to a different housing unit was an administrative decision, and not a judicial function as contemplated by Tenn. Code Ann. § 27-8-101 and that there is no right to review an administrative petition of this decision under petition for a writ of certiorari.

We affirm the order of the trial court dismissing the petition under the doctrine of mootness. As noted by the trial court, Mr. Hill filed a response to the Respondent's motion for summary judgment and a cross motion for summary judgment wherein he stated that he had been transferred to another institution (Wayne County Boot Camp). The address stated by Mr. Hill above his signature on that pleading is "Wayne County Boot Camp, P. O. Box 182, Clifton, TN[] 38425." In his brief filed in this Court, Mr. Hill likewise lists his address as Clifton, Tennessee.

The doctrine of mootness was explained by this Court as follows:

> The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. *State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). Thus,

---

[2]WTSP is located in Lauderdale County.

our courts will not render advisory opinions, *Super Flea Mkt. v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980), or decide abstract legal questions. *State ex rel. Lewis v. State*, 208 Tenn. at 538, 347 S.W.2d at 49.

> Cases must be justiciable not only when they are first filed *but must also remain justiciable throughout the entire course of the litigation, including the appeal. Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed. 2d 400 (1990); *Kremens v. Bartley*, 431 U.S. 119, 128-29, 97 S.Ct. 1709, 1715, (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984) ("Federal Practice and Procedure"). The concept of mootness deals with the circumstances that render a case no longer justiciable. *Davis v. McClaran*, App., App. No. 01-A-01-9304-CH-00164, slip op. at 2, 19 T.A.M. 1-3, 1993 WL 523667 (Tenn. Ct. App. Dec. 10, 1993), *perm. app. granted* (Tenn. Mar. 28, 1994) ("[m]ootness is a doctrine of justiciability"); Federal Practice and Procedure § 3533, at 211.

> A moot case is one that has lost its character as a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *Krug v. Krug*, 838 S.W.2d 197, 204 (Tenn. Ct. App. 1992); *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn. Ct. App. 1985). The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. Federal Practice and Procedure § 3533.3, at 261. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. *Church of Scientology v. United States*, [506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992)]; *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

*McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (emphasis added).

"In general terms, the justiciability doctrine requires that cases must involve presently existing rights, live issues that are within a court's power to resolve, and parties who have a legally cognizable interest in the judicial resolution of the issues." *Charter Lakeside Behavioral Healthy Sys. v. Tenn. Health Facilities Comm'n*, No. M1998-00985-COA-R3-CV, 2001 Tenn. App. LEXIS 58, at *14 (Tenn. Ct. App. Jan. 30, 2001)(*no perm app. filed*)(citations omitted). We will not render an opinion in an appeal which is dependent upon future events or involves a purely hypothetical set of facts. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000). "Determining whether a claim has become moot is a question of law for the courts." *Charter Lakeside Behavioral Health Sys.*, 2001 Tenn. App. LEXIS 58, at *15-16 (citations omitted).

In view of the fact that Mr. Hill has been transferred from WTSP to another facility in Clifton, Tennessee, his request to be transferred from the main complex at WTSP to the WTSP Annex has become moot.[3]

Several exceptions to the mootness rule have been recognized by Tennessee courts, the two most common exceptions involving: (1) issues of great public interest and of importance to the administration of justice and (2) issues capable of repetition yet evading review. *McIntyre*, 884 S.W.2d at 137. The decision to take cases that fit into one of the exceptions to the mootness doctrine is discretionary with the appellate courts. *Id.* We conclude that the case before us does not involve one of the exceptions to the mootness doctrine.

We conclude that the trial court was correct in determining that this matter became moot while the case was pending and affirm the trial court's order of dismissal. Therefore, we pretermit the issue of whether the trial court erred in denying Mr. Hill's motion to compel discovery. Costs of this appeal are taxed to the appellant, Alfred Joe Hill, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3]In his brief filed in this Court, Mr. Hill does not take issue with the trial court's determination that the case became moot.