IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 5, 2017 Session

## STACEY FAIR, ET AL. v. CLARKSVILLE MONTGOMERY COUNTY SCHOOL SYSTEM

**Appeal from the Circuit Court for Montgomery County**
**No. CC-15-CV-2130          William R. Goodman, III, Judge**

_____

### No. M2017-00206-COA-R3-CV

_____

This appeal involves a determination by a school system that children were attending the wrong schools based upon their domicile within the county. We grant the school system's motion to consider post-judgment facts indicating that the children no longer attend any school in the school system and accordingly dismiss this appeal as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and ARNOLD B. GOLDIN, JJ., joined.

Mark Olson and Taylor R. Dahl, Clarksville, Tennessee, for the appellants, Stacey Fair, and Michael Fair.

Kathryn W. Olita, Clarksville, Tennessee, for the appellee, Clarksville Montgomery County School System.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

This is a case involving the proper domicile of three students for purposes of school placement. After an investigation, schools in the Appellee Clarksville Montgomery County School System (the "School System") sent notices to Appellants Stacey Fair and Michael Fair ("Parents") informing Parents that the schools had concluded that their three children were not attending the proper schools within the School System. Parents, on behalf of their children (collectively "Appellants"), objected to the out-of-district determination and filed a complaint in circuit court for injunctive relief. The trial court thereafter remanded the matter for the Clarksville Montgomery County Board of Education (the "Board of Education") for a hearing. An evidentiary hearing occurred on June 8, 2016, before a panel of examiners designated by the Board of Education. The parties presented competing testimony as to the children's domicile within the county. On June 10, 2016, the panel submitted its recommendation that the out-of-district determination should be upheld. The record from the hearing was thereafter sent to the Board of Education, and the panel's recommendation was accepted by a vote of 5-1 on June 19, 2016. An order was thereafter signed.

On June 30, 2016, Appellants filed a notice of appeal to the same circuit court where the case had originally been filed. The School System objected to the trial court's jurisdiction. The trial court ruled that it had jurisdiction over the final order of the Board of Education. After a hearing, the trial court entered an order upholding the decision of the Board of Education. Appellants thereafter appealed to this Court.

On October 4, 2017, one day prior to scheduled oral argument, the School System filed a motion to consider post-judgment facts, alleging that the three children that were the subjects of the out-of-district determination were no longer enrolled in schools within the School System and did not reside within the School System's boundaries.[2] Accompanying the motion was an affidavit from the Director of Schools for the School System indicating that one child had graduated from Clarksville High School in May 2017 and that the other two children were not enrolled in any school within the School System on the first day of school on August 8, 2017. Attached to the affidavit was a record from the School System's transfer information, documenting the facts contained in the affidavit. With regard to the two younger children, the transfer document indicated

---

[2] Specifically, the motion stated the following facts:

> 2. On May 25, 2017, Appellants' oldest child, [the oldest child] graduated from Clarksville High School;
> 3. As of August 8, 2017, neither of Appellants' younger children [] are enrolled at any school in the school district and no longer reside in the district.

that records had been requested by a school in North Carolina.[3] Based upon these facts, the School System filed a motion to dismiss this appeal as moot.

Oral argument occurred as scheduled. Neither Appellants nor their counsel appeared for oral argument.

## Analysis

### Motion to Consider Post-Judgment Facts

Pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure, this Court may consider facts occurring after the judgment in the trial court. See Tenn. R. App. P. 14(a) ("The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment."). According to Rule 14:

> While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters.

Tenn. R. App. P. 14(a). This Court's decision to grant or deny a motion to consider post-judgment facts is discretionary. Motions to consider post-judgment facts are governed by Rule 22's motion practice. Tenn. R. App. P. 14(b) ("A motion in the Supreme Court, Court of Appeals, or Court of Criminal Appeals to consider post-judgment facts pursuant to subdivision (a) of this rule shall be made in the manner provided in rule 22."). The Advisory Committee Comments to Rule 14 indicate that post-judgment facts are appropriate for consideration when they are "unrelated to the merits[,] [] not genuinely disputed, [and] necessary to keep the record up to date.

Here, facts suggesting that the students at issue no longer intend to attend any school within the School System clearly go to the School System's claim that this appeal is moot. *See generally* **Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.**, 301 S.W.3d 196, 203 (Tenn. 2009) (explaining mootness, as discussed in detail, *infra*). Under Rule 22 of the Tennessee Rules of Appellate Procedure, "[a]ny showing in opposition to a motion, other than a procedural motion, shall be served and filed within 10 days after the motion is filed." Here, the School System's motion was filed on October 4, 2017. As of October 16, 2017, however, no opposition to the motion was filed. *See*

---

[3] During the prior hearing, evidence showed that the children had previously been enrolled in school in North Carolina.

Tenn. R. App. P. 21(a) ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days."). Indeed, Appellants and their counsel failed to appear at oral argument. As such, it does not appear that Appellants wish to dispute the facts alleged by the School System. Consequently, we exercise our discretion to grant the School System's motion to consider post-judgment facts.

## Motion to Dismiss

Based upon the post-judgment facts above, the School System next requests that this Court dismiss this appeal as moot. Mootness is a doctrine of justiciability. *Norma Faye Pyles Lynch*, 301 S.W.3d at 203. Justiciability, in turn, is a doctrine by which courts determine "whether a particular case presents a legal controversy." *Id.* As the Tennessee Supreme Court has explained:

> A case must remain justiciable (remain a legal controversy) from the time it is filed until the moment of final appellate disposition. *State v. Ely*, 48 S.W.3d 710, 716 n. 3 (Tenn.2001); *Alliance for Native Am. Indian Rights, Inc. v. Nicely*, 182 S.W.3d at 338; 1 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law* § 2.13(c)(ii), at 261 (4th ed. 2007) (hereinafter "Treatise on Constitutional Law"). While the doctrines of standing and ripeness focus on the suit's birth, the doctrine of mootness focuses attention on the suit's death. 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper *Federal Practice and Procedure* § 3533.1, at 735–37. A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d at 625; *McCanless v. Klein*, 182 Tenn. at 637, 188 S.W.2d at 747; *McIntyre v. Traughber*, 884 S.W.2d at 137. A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. at 626, 207 S.W.2d at 338–39; *Bell v. Todd*, 206 S.W.3d 86, 96 (Tenn.Ct.App.2005); *Massengill v. Massengill*, 36 Tenn.App. 385, 388–89, 255 S.W.2d 1018, 1019 (1952).

*Norma Faye Pyles Lynch*, 301 S.W.3d at 203–04. Thus, a case may lose its justiciability and thereby become moot as the result of a court decision, acts of the parties, or some other event that occurs during the pendency of the case. *Id.* If a case no longer serves as a means to provide some sort of judicial relief to the prevailing party it will be considered moot. *Id.* In determining whether a case has been rendered moot, Tennessee courts consider several factors, including: "the reason that the case is alleged to be moot, the stage of the proceeding, the importance of the issue to the public, and the probability that

the issue will recur." *Id.* at 204. Generally, a case rendered moot will nevertheless be decided on the merits in the following circumstances:

> (1) when the issue is of great public importance or affects the administration of justice, (2) when the challenged conduct is capable of repetition and of such short duration that it will evade judicial review, (3) when the primary subject of the dispute has become moot but collateral consequences to one of the parties remain, and (4) when the defendant voluntarily stops engaging in the challenged conduct.

*Id.* (footnotes omitted).

We agree with the School System that this case is moot. Here, the Director of School's undisputed affidavit establishes that the children at issue no longer attend any schools within the School System and have either graduated from school or requested that their records be sent to another state. Under these circumstances, it does not appear that a declaration that the Board of Education erred in its out-of-district determination has the possibility of offering any meaningful relief to Appellants by allowing the children to remain in their prior schools.

Moreover, after a thorough review of the record it does not appear that any of the circumstances above would justify consideration of this case in spite of its mootness. Specifically, this domicile of certain children for school purposes is not of great public importance. *See Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 210 (Tenn. 2009) (quoting *Dockery v. Dockery*, 559 S.W.2d 952, 955 (Tenn. Ct. App. 1977)) (holding that this exception is available only "under 'exceptional circumstances where the public interest clearly appears'"). Likewise, because of the children's move to a different school district, the challenged conduct does not appear capable of repetition while evading review. *City of Chattanooga v. Tennessee Regulatory Auth.*, No. M2008-01733-COA-R12-CV, 2010 WL 2867128, at *5 (Tenn. Ct. App. July 21, 2010) (holding that "there must be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party."). Appellants have failed to set forth any collateral consequences that remain, *see Hudson v. Hudson*, 328 S.W.3d 863, 866 (Tenn. 2010) (holding that this exception applies only to "prejudicial collateral consequences"), nor does this case involve conduct on the part of the School System that voluntarily ceased the challenged conduct. *See Hooker v. Haslam*, 437 S.W.3d 409, 418 (Tenn. 2014) (holding an exception exists "when the defendant voluntarily stops engaging in the conduct"). We therefore dismiss this appeal as moot.

**Conclusion**

Based on the foregoing, we grant the motion to consider post-judgment facts and dismiss this appeal as moot. Costs of this appeal are taxed to Appellants Stacy Fair and Michael Fair, on behalf of their minor children, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE