IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 26, 2020

## LISA LIVINGSTON v. GREGORY LIVINGSTON

**Appeal from the Circuit Court for Putnam County**
**No. 2018-CV-135   Jonathan L. Young, Judge**

_____

### No. M2020-01463-COA-T10B-CV
_____

Following a public reprimand of the trial judge presiding over her divorce, Wife filed a motion to recuse the trial judge pursuant to Tennessee Supreme Court Rule 10B. The trial court denied the motion, and Wife appealed to this Court.  Thereafter, the presiding judge of the Thirteenth Judicial District entered an order transferring the case to another judge in order to "equitably distribute the case load[.]" Wife then filed a notice in this Court seeking direction as to whether the appeal is moot. Following our review, we dismiss this appeal as moot.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Mark E. Tribble, Cookeville, Tennessee, for the appellant, Lisa Livingston.

### MEMORANDUM OPINION[1]

#### FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This action involves a divorce between Plaintiff/Appellant Lisa Livingston ("Wife") and Defendant Gregory Livingston ("Husband"),[2] which was filed in the Putnam County Circuit Court with Judge Jonathan L. Young presiding.

While the divorce was pending, on October 5, 2020, Judge Young received a public reprimand from the Tennessee Board of Judicial Conduct ("the Board"). Therein, the Board stated that it authorized an investigation into allegations that Judge Young sent "inappropriate messages . . . to multiple women on various social media platforms from 2015 to 2020." According to the reprimand, the recipients of the messages included "a legal professional employed by a law firm that conducts business in [the judge's] court and a litigant who formerly had a child custody matter before [the judge]." Specifically, the reprimand stated that the judge's conduct included "[e]ngaging in sexual conversations and soliciting pictures while in [the judge's] judicial robe[.]" The Board noted that Judge Young acknowledged that he had engaged in the cited conduct and took full responsibility for his actions.

The Board concluded that this action "r[a]n afoul of a number of ethical standards designed to maintain public trust and confidence in the judiciary" and that the judge's actions could be interpreted as "coercive." In addition, the Board noted that the judge's conduct had created "ethical dilemmas for attorneys who litigate before [him], especially in domestic relations matters," and that the judge's "activities have adversely affected the administration of justice." As such, the Board noted that litigants "may reasonably perceive that the judge is biased or prejudiced, regardless of whether bias or prejudice actually exists."

Based on these findings, the Board imposed a thirty-day suspension, held in abeyance provided there were no future meritorious complaints, a prohibition against the judge using a picture of himself in a judicial robe on social media unless conducting court business, the completion of a judicial ethics program, a promise that the judge would "recuse . . . as a matter of course from all cases involving attorneys who will be identified separately" from the public reprimand, and a promise not to engage in similar conduct while a judge.

Wife apparently took the Board's statements regarding possible recusal in domestic relations matters to heart and filed a motion for Judge Young's recusal on October 19, 2020. Therein, Wife discussed the reprimand handed down by the Board and then alleged as follows:

> As grounds for said motion, [Wife] would show that the matter now pending before the Court in this action is for divorce involving the infidelity of [Husband]. . . . The reprimand concerns actions relating to inappropriate

---

[2] Husband has not participated in this appeal.

messages sent to multiple women on various social media platforms. Judge Young is currently married.

[Wife] does not believe that she can receive a fair adjudication of her pending divorce. She has a prayer for alimony contained in her prayer for relief. [Tennessee law] dictates that the Court factor in the parties' "relative fault" in the failure of the marriage in determining whether an award of alimony is appropriate and how much is appropriate. [Wife] believes Judge Young's conduct directly reflects on his ability to be fair in placing the appropriate weight to the factor of relative fault as it relates to adjudicating the alimony issue in this case.

Wife contends that the Court should enter an Order of Recusal in that his presiding over this action presents an "appearance of impropriety" as described in the Tennessee Supreme Court Rules, Rule 10, Canon 1, Rule 1.2 and Judge Young should recuse himself as being disqualified pursuant to Canon 1 Rule 2.11(A).

The motion further recited that it was not being filed for an improper purpose. The motion was accompanied by the affidavit of Wife, in which she recited most of the allegations in her motion.

Husband apparently did not respond to the motion; it came on for hearing on October 23, 2020. At the hearing, counsel for Wife argued that recusal was warranted based on an appearance of impropriety. When counsel stated that the trial judge should take judicial notice of the fact that his conduct occurred while he was married, the trial court stated that he had "heard enough[.]" Still, counsel for Wife asserted that he intended to call his client to the stand. Although the trial court initially stated that he did not feel testimony was necessary given Wife's affidavit, counsel indicated that he intended to ask Wife about a social media posting by the judge that was not referenced in her affidavit. The trial court then allowed the testimony.

Wife was then called to the stand and asked about a social media posting by the trial judge that he authored following the public reprimand. The posting indicated that most of the facts that led to the reprimand were confidential, that the judge had made a "private mistake" during a "dark place" in his life, and that the judge "quickly ended everything[.]" The judge further stated that "nothing [he] did compromised [his] promise to . . . render fair justice from the bench." When asked about that posting, Wife testified that it did not make her feel better about the trial judge presiding over her case, as she "just [did not] feel confident with Judge Young judging [her] . . . and [her] marriage."

In orally ruling on the motion, the trial judge first mentioned that this issue was previously raised in a phone conference. Judge Young further noted that he had contacted both his private attorney and the Board about this matter; according to the trial judge, the Board had not placed restrictions on his "ability to do [his] job." The trial court further

- 3 -

stated that fault was only a small portion of a divorce and that alimony was "basically" determined by need and ability to pay. Additionally, the trial court noted that the case had been continued three times, only one of which was out of the parties' control. Finally, the trial court ruled that it had no conflict and that the recusal motion was merely an effort to delay the matter. Counsel for Wife then reminded the court that the trial judge was required to enter a written order denying the motion to recuse; the trial judge responded with, "I've got it."

The trial court indeed entered a written order denying the motion to recuse on October 23, 2020, the same day as the hearing. The order stated that the motion to recuse was denied for the following reasons:

1. The Court finds this motion to be improper and merely another reason to continue this case which has been set for a final hearing numerous times. The Case is set to be heard next week and now [Wife] has yet another issue.
2. The Board of Judiciary put no restrictions on my ability to do my job outside of a conflict with one attorney that the Court must recuse in all cases.
3. After speaking with my attorney this Court finds it has no conflict in this matter whatsoever:

   a. This Court has no knowledge of the parties or the issues to be determined except what the attorneys have stated on the record.
   b. This Court has handled numerous divorce cases either in private practice or since taking the bench and has never had any issues.

On October 24, 2020, Wife filed a petition for recusal appeal with this Court pursuant to Tennessee Supreme Court Rule 10B. We granted Wife's request for a stay of "the trial court proceedings" by order of October 27, 2020. Despite the stay, the trial court sent this Court an amended order denying the motion to recuse on October 28, 2020. Therein, the trial court offered more detailed findings in support of its decision to deny the motion.

On November 5, 2020, Wife gave notice to this Court of the filing of an additional order in the trial court on November 2, 2020. This order, signed by the Presiding Judge of the Thirteenth Judicial District ("Presiding Judge"), provided that "in order to regulate and equitably distribute the case load between the judges of the Circuit Court of the 13th Judicial District, th[is case] shall be reassigned from Circuit Court Judge [] Young and reassigned to Circuit Court Judge Amy V. Hollars to be heard to its conclusion." Based on this order, Wife "respectfully request[ed] that the Court provide direction if it believes the matter now pending is moot."

- 4 -

**II.**

Initially, Wife raised four issues in this appeal concerning the trial court's decision to deny her recusal motion. Following the entry of the order by the Presiding Judge and Wife's request for direction as to whether this matter was thereby rendered moot, we conclude that this appeal involves a single dispositive issue: should this appeal be dismissed as moot? We answer in the affirmative.

**III.**

Recusal issues are governed by Tennessee Supreme Court Rule 10B. Pursuant to Rule 10B, a litigant is entitled to seek disqualification of a trial judge by filing a motion that: (1) is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01.

Upon filing of such motion, "the judge whose recusal is sought shall either grant or deny the motion in writing." *Watson v. City of Jackson*, 448 S.W.3d 919, 927 (Tenn. Ct. App. 2014). If the motion is denied, the judge shall state in writing the grounds for the denial. Tenn. Sup. Ct. R. 10B, § 1.03. Additionally, if the motion is denied, the movant may file an accelerated interlocutory appeal of the denial. According to Section 2.02 of Rule 10B:

> To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order. In civil cases, a bond for costs as required by Tenn. R. App. P. 6 shall be filed with the petition. A copy of the petition shall be promptly served on all other parties, and a copy also shall be promptly filed with the trial court clerk. For purposes of this section, "appropriate appellate court" means the appellate court to which an appeal would lie from the trial court's final judgment in the case.

Tenn. Sup. Ct. R. 10B, § 2.02. The movant is also required to include copies of "all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

In an accelerated appeal, we may request an answer from the other party and

briefing. Tenn. Sup. Ct. R. 10B, § 2.05. We may also set oral argument. Tenn. Sup. Ct. R. 10B, § 2.06. In this case, Wife attached to her petition the motion she filed in the trial court, her affidavit, portions of the transcript of the hearing on the recusal motion, the public reprimand from the Board, and the trial judge's social media posting. Wife's filings also reflect that Husband did not object to or otherwise participate in Wife's effort to disqualify Judge Young. After a review of Wife's petition for recusal appeal, supporting documents, and supplemental filings, we have determined that an answer, additional briefing, and oral argument are unnecessary. Thus, we act summarily. Tenn. Sup. Ct. R. 10B, § 2.05.

**IV.**

The dispositive issue in this case is whether Wife's appeal of the denial of her recusal motion is now moot. As we have explained,

> It is well settled that in order to invoke the jurisdiction of the courts, there must be a genuine and live controversy between the parties which necessitates adjudication of present rights by the court. ***Dockery v. Dockery***, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). This controversy must remain live throughout the course of litigation, including the appeal process. ***Id.*** A moot case is one in which the court determines it is no longer necessary as a means to provide the relief to which a party is entitled. ***Ford Consumer Fin. Co. v. Clay***, 984 S.W.2d 615, 617 (Tenn. Ct. App. 1999). In the absence of exceptional circumstances justifying an exception to the mootness doctrine, if a cause of action loses its character as a live controversy, it will be dismissed as moot. ***Id.*** at 955; ***McIntyre v. Traughber***, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994).

***Union Realty Co. v. Family Dollar Stores of Tennessee, Inc.***, 255 S.W.3d 586, 590 (Tenn. Ct. App. 2007). This doctrine also applies when a case is rendered moot while an appeal is pending. *See **State ex rel. Orr v. Thomas***, 585 S.W.2d 606, 607 (Tenn. 1979) ("It is, of course, well settled that when the issues sought to be presented by an appeal have been rendered moot pending the appeal the appeal will be dismissed.").

Here, the purpose of Wife's motion to recuse was to prevent Judge Young from presiding over her case. The Presiding Judge's order appears to have granted her the very relief that she requests. Wife has filed nothing to suggest that the Presiding Judge was without authority to take this action or that exceptional circumstances are present to justify an exception to the mootness doctrine.[3] As such, her appeal was rendered moot by the Presiding Judge's order, and this appeal must be dismissed.

---

[3] Wife does not assert, nor do we perceive the Presiding Judge's order as a violation of the stay entered by this Court. Rather, the Presiding Judge's order was merely administrative and not intended to move forward the proceedings in the trial court in contravention of either the letter or the spirit of our stay.

- 6 -

## CONCLUSION

Based on the foregoing, this appeal is dismissed. Costs of this appeal are taxed to Appellant Lisa Livingston, for which execution may issue if necessary.


<u>s/ J. Steven Stafford</u>
J. STEVEN STAFFORD, JUDGE